### 31721. GUHL et al. v. HOLCOMB BRIDGE ROAD CORPORATION et al.

UNDERCOFLER, Presiding Justice.

This is a rezoning case. It involves 85.13 acres of undeveloped land which is zoned for single family

residences. The owners complained the classification was unconstitutional and requested the zoning be changed to office-institutional. The county denied the request and this suit followed. The trial court found the single family dwelling classification void because it was arbitrary, unreasonable, and without relationship to the public health, safety, morals, or general welfare. It enjoined its enforcement and directed that the owners be issued a permit to develop the property for office-institutional use. The county appeals.

In *Barrett v. Hamby*, 235 Ga. 262, 265 (219 SE2d 399) (1975) we stated, "As the individual's right to the unfettered use of his property confronts the police power under which zoning is done, the balance the law strikes is that a zoning classification may only be justified if it bears a substantial relation to the public health, safety, morality or general welfare. Lacking such justification, the zoning may be set aside as arbitrary or unreasonable. . . As these critical interests are balanced, if the zoning regulation results in relatively little gain or benefit to the public while inflicting serious injury or loss on the owner, such regulation is confiscatory and void. . . Moreover, we specifically rule that for such unlawful confiscation to occur, requiring that the zoning be voided, it is not necessary that the property be totally useless for the purposes classified. . . It suffices to void it that the damage to the owner is significant and is not justified by the benefit to the public."

"A zoning ordinance is presumptively valid, and this presumption may be overcome only by clear and convincing evidence. The burden is on the plaintiffs. The validity of each zoning ordinance must be determined on the facts applicable to the particular case, but certain general lines of inquiry have been regarded as relevant, to wit: (1) existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the particular zoning restrictions; (3) the extent to which the destruction of property values of the plaintiffs promotes the health, safety, morals or general welfare of the public; (4) the relative gain to the public, as compared to the hardship imposed upon the individual property owner; (5) the suitability of the subject property for the zoned

purposes; and (6) the length of time the property has been vacant as zoned, considered in the context of land development in the area in the vicinity of the property." La Salle National Bank v. County of Cook, 60 Ill. App. 2d 39, 51 (208 NE2d 430) (1965).

In the instant case the trial court's findings of fact may be summarized as follows: (1) the property was zoned single family residential in 1956 principally as a "holding" classification until development trends emerged. In 1956 it was farm property. It has been unimproved since 1956 but is not now used for farming; (2) the property fronts on a major thoroughfare approximately one-half mile north of its intersection with a high speed limited access highway. Said thoroughfare is a six lane road from said highway to approximately the southern boundary of plaintiff's property; (3) the property adjoining plaintiff on the west is zoned office-institutional and the county has granted a variance for the construction of a ten story office building; (4) the property adjoining the plaintiff on the south is zoned office-institutional and contains numerous commercial structures; (5) in the immediate vicinity is a seventy acre shopping center, and under construction is a fifteen story hotel; (6) the fair market value of plaintiffs' property is $40,000 per acre; (7) plaintiffs' property is not reasonably and economically suited for single family residences; and (8) the county attempted to justify its objection to a zoning change because it would increase traffic on said thoroughfare, however, any probable increase in traffic under an office-institutional zoning classification would not be appreciably greater than that to be anticipated by any other development of plaintiffs' property.

The trial court's findings of fact are supported by the record and are sufficient to establish that the present single family zoning of plaintiffs' property is invalid.

However, the trial judge should not have ordered the issuance of a building permit authorizing the development of plaintiffs' property under an office-institutional classification, a purpose for which the property is not zoned. He should have ordered the local governing authority to rezone the property in a constitutional manner, with provision that if such

rezoning was not accomplished within a reasonable time, the court reserved jurisdiction to later declare the subject property free from all zoning restrictions. *City of Atlanta v. McLennan,* 237 Ga. 25, 28 (226 SE2d 732) (1976).

*Judgment affirmed in part and reversed in part with direction. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Hill, J., who is disqualified.*

ARGUED NOVEMBER 23, 1976 — DECIDED JANUARY 28, 1977 — REHEARING DENIED FEBRUARY 14, 1977.

*Harvey, Willard & Elliott, Wendell K. Willard,* for appellants.

*Jones, Bird & Howell, Robert H. Walling, Dillard, Dillard & Shearer, George P. Dillard,* for appellees.