## 35555. WESTBROOK v. BOARD OF ADJUSTMENT et al.

MARSHALL, Justice.

The appellant's application to rezone his lot in the Town of Trion from residential use to commercial use, for proposed use as a self-service or convenience store, was denied by the Board of Adjustment of the Town of Trion, as recommended by the town's planning commission. The denial was affirmed by the town's Board of Zoning Appeals. The appellant filed an equitable complaint to require the town to rezone the property, alleging that the property is not suitable for residential use for which it is zoned, and that the denial of the application to rezone is inflicting serious loss to him and is confiscatory, void and constitutes a taking of property without just compensation in violation of the State and Federal Constitutions. After a hearing, the trial judge denied relief to the plaintiff, and he appeals. We affirm.

The appellant's lot is located in the northeast corner of the intersection of U. S. Highway 27 with Third Street, fronting 132.6 feet on the east side of the highway, with 68.3 feet on the north side of Third Street. There is no conflict in the evidence that all of that area on the east side of the highway where this lot is located is an old residential neighborhood; that there has been no change in the zoning thereof as residential, including property to the north, east and south of appellant's lot, since adoption of Trion's zoning ordinance in 1962; and that, although the lot is vacant, a dwelling had been located thereon for many years, having burned some years before the appellant bought the property in 1970 with knowledge that it was zoned residential. Across the highway is the property of Riegel Textile Corp., used for employee parking along that portion fronting the highway, behind which is a railroad track and behind that a warehouse. Some 35 yards from the appellant's lot, northerly and across the highway, is the main entrance to the property of Riegel, which employs some 2,000 persons.

The appellant testified to a beauty parlor being

operated three or four blocks north of his lot on the same side of the highway, but there was evidence that a lady had been operating this business out of a small part of her home when the zoning ordinance was adopted, and that she had been permitted to continue so doing as a nonconforming use. Adjoining the appellant's lot to the north, and across the highway from Riegel's main entrance, is a lot on which the house formerly located had burned, and which is now vacant and is used by Riegel's employees to park their cars, but is not a commercial parking lot. Except for the vacant lots of the appellant and the adjoining lot, all of the property in this area on the east side of the highway is occupied by houses.

All of the testimony emphasizes the existing heavy vehicular traffic on the highway and, in particular, the congestion that exists for three one-hour periods during each day when the work shift changes at the Riegel plant. This traffic volume is the basis of the contentions of both parties, the appellant urging that it renders the property unsuitable for residential use and the appellees urging that the problem would be worsened by commercial use. Witnesses for both the appellant and the appellees agree that the rezoning of the appellant's lot to commercial would increase the amount of traffic at the lot. The convenience store, which evidence showed would be the feasible use of the property if zoned commercial, would generate vehicular traffic going into and off of both adjoining streets, creating a hazard for pedestrians crossing the streets. The mayor testified that this would create a traffic and safety hazard.

It is undisputed that commercial zoning would increase the market value of the lot. These amounts range from $1,000 residential value and $10,000 commercial value, according to the appellees' witness, to $500 — $750 residential value and $30,000 — $35,000 commercial value, according to the appellant's witness. It appears probable that the increase in value for commercial use would be attributable to the uniqueness of spot zoning for this lot in a residential area, the nearest commercially zoned property for retail business, shopping, etc., being located about a mile away. The appellant purchased the property knowing that it was zoned residential,

undoubtedly paid a purchase price based upon its value as a residential lot, and his own witness acknowledged that the spot rezoning of this lot would adversely affect the surrounding residential properties' values.

"The police power generally supports an ordinance forbidding the erection in designated residential districts of business houses, retail stores, shops, and other like establishments; and such ordinances, apart from special applications, can not be declared arbitrary and unreasonable, and without substantial relation to the public health, safety, morals, or general welfare." *Howden v. Mayor &c. of Savannah,* 172 Ga. 833, 846 (159 SE 401) (1931). Even if it be conceded that the property in question is in a "fringe" area, with bordering industrial use and heavy vehicular traffic lessening its value for residential use, nevertheless, the local governing body is the more appropriate one to shape and control the local environment according to the best interests of the locality and its citizens. Moreover, aside from the preservation of the surrounding residential area, the town's denial of rezoning was clearly within its police power with reference to at least the public safety and general welfare.

"A zoning ordinance is presumptively valid, and this presumption may be overcome only by clear and convincing evidence. The burden is on the person seeking to change the zoning to show the invalidity of the ordinance. *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977). The acts of the governing body of a municipality exercising zoning power will not be disturbed by the courts unless they are clearly arbitrary and unreasonable. *Matthews v. Fayette County,* 233 Ga. 220, 225 (210 SE2d 758) (1974). It is not sufficient to show that a more profitable use could be made of the property. *Humthlett v. Reeves,* 212 Ga. 8, 15 (90 SE2d 14) (1955); *Guhl v. Par - 3 Golf Club, Inc.,* 238 Ga. 43 (231 SE2d 55) (1976)." *Avera v. City of Brunswick,* 242 Ga. 73, 75 (247 SE2d 868) (1978).

Under the evidence, the trial judge did not err in holding that the denial of rezoning to the appellant was not unconstitutional.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Hill and Bowles JJ., and Judge Charles L.*

*Weltner, concur. Clarke J., not participating.*

ARGUED NOVEMBER 19, 1979 — DECIDED JANUARY 3, 1980.

*Carlton Vines,* for appellant.
*Robert Edward Surles,* for appellees.