## 36544. AGAN v. FARRIS et al.

JORDAN, Chief Justice.

On August 10, 1978, Ramsey S. Agan petitioned the Fulton County Planning Commission and the Fulton County Board of Commissioners (Board) to rezone as C-2 (commercial) two tracts of land which he owned in Fulton County. Tract One was zoned O-I (office-institutional) Conditional, and Tract Two was zoned R-2 (single family dwelling). On Feb. 7, 1979, following a hearing, and, in conformity with the recommendation of the Fulton County Planning Commission, the Board denied Agan's petition.

On March 1, 1979, Agan filed suit in Fulton Superior Court alleging that the Board's decisions to continue to zone Tract One as O-I Conditional and Tract Two as R-2 were "arbitrary and unreasonable" and therefore unconstitutional. Upon reviewing the evidence presented to the Board at its Feb. 7 hearing, the trial court held that the Board's decisions were unconstitutional as alleged and

remanded the case to the Board with direction that the Board rezone Agan's properties in a constitutional manner (the trial court retained jurisdiction so as to insure that said rezoning was accomplished within a reasonable time).

On remand, after holding a second hearing and receiving additional evidence, the Board again decided to continue to zone Tract One as O-I Conditional but decided to convert the zoning classification of Tract Two from R-2 to O-I Conditional. Upon reviewing the evidence presented to the Board at its second hearing, the trial court sustained the constitutionality of the Board's decisions. Agan appeals. We affirm.

1. Agan notes the trial court's holding that the evidence presented to the Board at the Feb. 7 hearing did not establish the reasonableness of the Board's decision to continue to zone Tract One as O-I Conditional and argues that said holding precluded the Board from receiving additional evidence on remand so as to establish the reasonableness of the decision.

We hold here that the trial court's holding that the evidence presented to the Board at the Feb. 7 hearing did not establish the reasonableness of the Board's decision to continue to zone Tract One as O-I Conditional did not preclude the Board from receiving additional evidence on remand so as to establish the reasonableness of said decision. See Yonkers R. Co. v. Maltbie, 296 NYS 411 (1937).

2. Agan argues that the written expert reports filed in evidence at the Board's second hearing were not properly authenticated and thus should not have been considered by the trial court in determining the constitutionality of the Board's decision to zone both Tracts One and Two as O-I Conditional.

Agan did not object to the filing of the reports at the time of the Board's second hearing. Consequently, any objection as to authenticity was waived. Mitchell Land Co. v. Planning & Zoning Bd. of Appeals, 102 A2d 316, 320-21 (1953).

3. Agan argues that the evidence presented at the Board's second hearing does not establish that the O-I Conditional zoning of Tracts One and Two is reasonable and therefore constitutional.

The record establishes the following: The value of Tracts One and Two would be greater if zoned, not O-I Conditional, but C-2 (two witnesses testified that said rezoning would increase the combined fair market value of Tracts One and Two from $308,000 to $420,000); however, the tree canopy for the nearby residential areas, vis-a-vis Tracts One and Two, is only six or seven stories — as a result, the visual impact on said areas of the Agan project (which would be sixteen stories) is significantly greater than the visual impact on the nearby residential areas of O-I Conditional projects, which are limited to six

stories, and, the immediate vicinity of Tracts One and Two includes one six-story office building with a density of 14,000 net leasable square feet per acre, two five-story office buildings with a density of 14,000 net leasable square feet per acre, and, one two-story office building of 11,000 net leasable square feet per acre (the Agan project would be 16 stories with a density of 30,000 net leasable square feet per acre).

In view of this evidence, we concur with the trial court that the O-I Conditional zoning of Tracts One and Two is reasonable and therefore constitutional. See *Westbrook v. Board of Adjustment,* 245 Ga. 15 (262 SE2d 785) (1980); *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1981.

*Carr, Abney, Tabb & Schultz, Charles B. Zirkle, Jr.,* for appellant.

*Webb, Young, Daniel & Murphy, Franklin N. Biggins,* for appellees.