## 37657. OHOOPEE LAND DEVELOPMENT CORPORATION v. MAYOR & COUNCIL OF WRIGHTSVILLE.

JORDAN, Chief Justice.

This is a rezoning case. Ohoopee Land Development Corporation, the developer, acquired on May 26, 1972, a 17.5 acre tract of residentially-zoned land lying in Wrightsville, Georgia, for the purpose of developing a shopping center. Commercial rezoning soon thereafter was requested and granted. From the date of acquisition until April of 1980, the developer sold several small parcels out of the 17.5 acre tract, on at least one of which a small business was established. The 17.5 acre tract was divided into and sold in these separate parcels after the developer discovered that construction of the envisioned shopping center was not commercially feasible due to the small population of the community.

At the time of this litigation, the developer had retained only a 5.1 acre parcel of the original 17.5 acre tract. He sought rezoning of this parcel from C1 Commercial to R3 Residential in order for it to be used together with an adjoining tract for the development of federally-funded public housing units. The change from commercial to residential zoning would have increased the value of the 5.1 acre parcel from $1000 per acre to $3000 per acre.

The mayor and the local zoning commission recommended the rezoning. In accordance with the local zoning ordinance, a public hearing on the application was scheduled and held, during which owners of adjoining and nearby residential properties objected to the use of the 5.1 acre tract as a public housing project on the ground that no one could assure them that some non-whites would not occupy the housing units. Thereafter, the mayor and council, acting as the local rezoning authority, denied the rezoning application.

The trial court found as a fact that the highest and best use of the property "would be residential (housing project)." He further found that "The Mayor individually actively supported the idea of a housing project and the re-zoning of the property in question in its initial and intermediate stages but changed his mind after the public

hearing," and that "there was political activity on the part of the protestors and the Mayor and Board of Aldermen." After reviewing the evidence, the court determined that the developer had failed to carry its burden of proving that the commercial zoning classification is so arbitrary and unreasonable as to be confiscatory.

1. The question of whether or not some of the public housing units might be occupied by non-whites was not relevant to the determination of whether or not the existing commercial zoning was constitutional. We have identified certain "critical interests" and "relevant lines of inquiry" in rezoning cases, but the possible race of occupants of residentially-zoned properties is not among those considerations. *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977). The local zoning authority (mayor and council) apparently based its decision entirely upon improper racial considerations.

2. However, the superior court did not similarly fall into error. Instead, relief was denied because the developer failed to carry the burden of proving that the existing zoning was "confiscatory" in the unconstitutional sense. The evidence established that the developer was not being deprived by the existing commercial zoning of reasonable uses of the tract. To the contrary, the proof was that several parcels totaling 12.4 acres of the original 17.5 acre tract had been sold. The developer failed entirely to rebut the inference that the remaining 5.1 acre parcel was just as readily marketable despite its commercial zoning.

Instead, the proof went only to the fact that the 5.1 acre tract would have been worth $3000 per acre had it been zoned R3 Residential instead of being worth $1000 per acre under the present C1 Commercial zoning. This is proof that the developer "is simply being deprived of a more profitable use . . . and . . . that is not enough to declare the zoning unconstitutional." *Koppar Corp. v. Griswell*, 246 Ga. 539, 540 (272 SE2d 272) (1980).

The trial court did not err in denying all relief.

*Judgment affirmed. Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981.

*Joe W. Rowland,* for appellant.
*Paul J. Jones, Jr.,* for appellee.