### 37661. BOBO v. CHEROKEE COUNTY.

WELTNER, Justice.

Charles Bobo's application to rezone his lot in Cherokee County from residential to neighborhood commercial use in order to build a convenience store was denied by the County Commissioner, as recommended by the Cherokee County Planning Board. Bobo brought this action against the governing authority to have the present classification declared void, alleging that the denial of his application to rezone was a denial of due process of law, and that the governing authority had not applied the zoning ordinances uniformly, all in violation of the Constitutions of the State of Georgia and the United States.

The trial court found that the proposed change of the classification of Bobo's lot would constitute spot zoning, and that there was insufficient evidence to establish disparate enforcement of

---

the zoning ordinances, from which he appeals.

Bobo's one and one-half acre lot is located at the intersection of State Highway 20 and Epperson Road, near Canton, Georgia. The property is adjoined on its southern edge by a subdivision, separated by a buffer of trees and a deep gully, and on the west and across the roadways to the north and east by property zoned for single family residences. Along Highway 20 are some non-conforming commercial uses which were in existence prior to the adoption of the zoning ordinance in 1969.

Bobo presented several witnesses who claimed the land was unusable as residential property because of its location and its topography. Their testimony indicated that the maximum value of the lot as zoned is from $2,000 to $3,000, while as commercial property it would be worth between $20,000 and $40,000, and that the highest and best use would be commercial. Bobo's witnesses generally indicated that the proposed use of his lot would have no adverse affect on the surrounding residential property; that he had placed a quantity of earth fill on the site, creating a level area on the front 100 feet of the lot on which to place his convenience store; that there will be no traffic problem; and that a permit had been acquired from the Department of Transportation.

There was no evidence to contradict Bobo's testimony that the lot was unusable as zoned. The sole commissioner stated at the hearing before the court that he had denied Bobo's request because the planning board recommended it be denied; that he felt "it would be crossing up [the subdivision developers] to change the zoning after they're in there,"; and that the proposed change would be spot zoning. He also stated that the change would "lower the value" of some of the surrounding residential areas. On cross-examination, asked if in his opinion commercial development will depreciate the value of surrounding residential property in all instances, the commissioner answered in the affirmative, then stating that this conclusion was supported by his "talking to real estate people." The record reveals no other evidence supportive of the decision of the commissioner to deny the application.

We find under the facts of this case that the trial court erred in failing to find the R-1 zoning classification unconstitutional. The test for determining whether the application of local zoning to a particular piece of property is unconstitutional is set out in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1976), and in *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977).

In *Barrett,* supra, the governing authority attempted to justify the denial of an application to rezone on the ground that the county had a sufficiency of commercially zoned property. We stated that this

was relevant but insufficient, because it completely failed to scrutinize the merits of the land in question and the impact of the decision upon the landowner's property rights. "In determining whether the zoning is justified, we must reject the board's argument that its construction, if done in good faith, is conclusive on the issue of what will serve the community's interest. See *City of Columbus v. Stubbs,* 223 Ga. 765, 767 (158 SE2d 392). Instead, we require that the board justify its determination, and sufficient justification here is missing. See *Morrow v. City of Atlanta,* 162 Ga. 228 (133 SE 345); *Smith v. City of Atlanta,* 161 Ga. 769 (132 SE 66)." *Barrett,* supra, at 266. Here, the evidence fails to establish any substantial hardship to the public, and there is evidence of a substantial penalty upon the property owner whose land is unusable as presently zoned.

We conclude that the commissioner's decision, being without factual basis, amounted to a denial of due process.

In so holding, we are not unmindful of the governing authority's position that to change the use of this lot from residential to commercial in a residential community is spot zoning, and therefore unauthorized. *Orr v. Hapeville Realty Investments,* 211 Ga. 235 (85 SE2d 20) (1954). Spot zoning is " 'the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property *and to the detriment of other owners.'* " (Emphasis supplied.) 2 Rathkopf, The Law of Planning and Zoning, § 26.02, p. 26-1, quoting Rodgers v. Village of Tarrytown, 302 N.Y. 115, 123 (96 NE2d 731, 734) (1951). Accord, *East Lands, Inc. v. Floyd County,* 244 Ga. 761 (262 SE2d 51) (1979); *Snow v. Johnston,* 197 Ga. 146 (28 SE2d 270) (1943) (overruled on other grounds, *East Lands, Inc. v. Floyd County,* supra.)

Under the facts of this case, where there was little evidence of harm to the other owners and substantial evidence that Bobo's lot was useless for residential purposes, a change in the zoning of this one tract does not constitute that spot zoning prohibited by law.

*Judgment reversed. All the Justices concur, except Jordan, C.J. and Gregory, J., who dissent.*

DECIDED NOVEMBER 25, 1981.

*Bray & Johnson, H. Michael Bray,* for appellant.
*Elliott R. Baker,* for appellee.