42096. SELLARS v. CHEROKEE COUNTY, GEORGIA.
(330 SE2d 882)

CLARKE, Justice.
This is a zoning case in which the sole issue is whether the present zoning classification constitutes a taking. Sellars applied to rezone his lot in Cherokee County from residential to neighborhood commercial in order to build a real estate office. When his application was denied by the county commissioner, Sellars sought a writ of mandamus to order the governing authority to declare the present classification void.

The 1.55-acre lot is located at the intersection of Georgia Highway 140 and Grimes Road in Cherokee County. The property is bounded by roads on three sides and by vacant land on one side. A commercial use located directly across the street has been in existence since before the zoning ordinance was adopted in 1969. Sellars, who is a real estate broker and developer, testified that his property as zoned is worth $10,000 and if rezoned would be worth $50,000. This testimony was unrebutted. He also testified that he paid $28,000 for the property. He submitted a petition signed by 197 property owners in the neighborhood urging approval of the rezoning. There was no community opposition to the zoning application.

A civil engineer testified that there would be no traffic problem created by rezoning the property neighborhood commercial. This testimony was unrebutted since the county's only witness, the county commissioner, testified that he had no information which would cause him to dispute the testimony of the engineer. There was testimony by Sellars that while the property could be used for residential purposes, the property was not desirable for use as zoned. This testimony was also unrebutted since the county's witness stated that he had no opinion as to whether or not the property was suitable for residential use. Sellars testified that aside from the commercial use directly across from the subject property there were numerous commercial uses along Georgia Highway 140 beginning a quarter of a mile from the subject property. Sellars testified that before he bought the property it was

used as a flea market with used cars, old bottles, plows, and merchandise of that sort spread all over the lot.

In its findings of fact the trial court analyzed the zoning question according to the criteria announced in *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977). The court found that (1) almost all nearby property is zoned residential, although there are various commercial uses which have been "grandfathered in"; (2) the diminution of the property values in the present zoning is substantial, the property being worth approximately five times more as commercial than the present value as residential property; (3) health, safety, morals or general welfare of the public would be better served by continued residential zoning, the fear being a domino effect upon traffic patterns should a wholesale conversion to neighborhood commercial or commercial usage occur; (4) balancing the burden of the present zoning upon the property owner and the benefit to public, the public retains use of a commuter highway and a residential neighborhood whereas the property owner is not directly damaged; (5) there is no evidence that the property is not suitable for its present zoning other than the fact that it has not been developed heretofore; (6) as to the length of time the property as zoned has remained vacant, although the property has never been developed, this is true as well of a substantial portion of the surrounding property.

In *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1975), we held that in considering a zoning application a balancing of the benefit of the present zoning to the public against the detriment to the landowner was constitutionally required. In the absence of a substantial relation to the public health, safety, morality or general welfare, a zoning law may be set aside as arbitrary or capricious. In the present case the property in question is located at the intersection of a busy state highway and a county road. Although the court based its opinion on the fear of increased traffic caused by the proposed use, in fact there was unrebutted testimony that the proposed rezoning would not increase traffic problems. The court's emphasis seemed to be that a domino effect would occur if another commercial use were allowed. However, as we noted in *Barrett v. Hamby*, supra, commercial development in and of itself is not harmful to the safety, morals or general welfare of the public, and a zoning decision based on a policy that there is enough commercially zoned property is alone insufficient to justify a denial of rezoning.

The applicant is entitled to have the application scrutinized in light of the character of the land in question and the impact of the zoning decision upon property owners' rights. A failure to afford this scrutiny under the facts in evidence amounts to a denial of due process. *Bobo v. Cherokee County*, 248 Ga. 554 (285 SE2d 177) (1981). There is evidence of substantial hardship to the property owner if the

zoning decision is allowed to stand and, on the other hand, no evidence of public interest in the present zoning sufficient to offset that hardship.

*Judgment reversed. All the Justices concur, except Marshall, P. J., Weltner and Bell, JJ., who dissent.*

DECIDED JUNE 27, 1985.

*Bray & Johnson, H. Michael Bray,* for appellant.
*Elliott R. Baker,* for appellee.