## 43567. GRADOUS v. BOARD OF COMMISSIONERS OF RICHMOND COUNTY.

(349 SE2d 707)

CLARKE, Presiding Justice.

This is a zoning case. The issue is whether the trial court erred in upholding the governing authority's failure to rezone appellant's property. We find no error and affirm.

Ms. Gradous owns approximately 11.66 acres in Richmond County which bears the zoning designation R-1, one-family residential. She applied to the planning and zoning commission for a rezoning to a mixture of P-1, professional, and R-1-E, one-family residential attached units with possible density of ten per acre. The planning and zoning commission approved the application, but the vote of the county commissioners resulted in an even split so that the motion to rezone failed for the lack of a majority.

Appellant brought suit in the Superior Court of Richmond County. Evidence was introduced by way of affidavit that the property as zoned was worth $174,900 and if rezoned would be worth $351,400. Appellant showed by affidavit that the existing uses are a mixture of single-family and multi-family residential and professional. Appellant also submitted an affidavit of the executive director of the planning and zoning commission that the effect of a rezoning of a portion of appellant's property to professional would be minimal since there are professional uses directly across the street from the property in question. Appellee submitted no evidence except the minutes of the county commission meeting at which the zoning change was not adopted. The court denied appellant's petition, finding the present zoning reasonably related to the public interest.

Appellant and appellee rely on two different lines of cases from this court. Appellant brings to our attention cases in which we have emphasized that limitation of the landowner's right to use his property as he sees fit may rise to the level of a constitutional deprivation if the public interest in the present zoning is not sufficient. "In the absence of a substantial relation to the public health, safety, morality or general welfare, a zoning law may be set aside as arbitrary or capricious." *Sellars v. Cherokee County*, 254 Ga. 496, 497 (330 SE2d 882) (1985). See also *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1975). "[W]e specifically rule that for such unlawful confiscation to occur, requiring that the zoning be voided, it is not necessary that the property be totally useless for the purposes classified. [Cits.] It suffices to void it that the damage to the owner is significant and is not justified by the benefit to the public." 235 Ga. at 266.

Appellee, on the other hand, relies upon cases which emphasize the presumption of validity of the zoning ordinance. " 'If the validity of the legislative classification for zoning purposes be fairly debatable,

the legislative judgment must be allowed to control.'" *DeKalb County v. Chamblee Dunwoody Hotel Partnership*, 248 Ga. 186, 190 (281 SE2d 525) (1981), quoting *Euclid v. Ambler Realty Co.*, 272 U. S. 365, 388 (47 SC 114, 71 LE 303) (1926). See also *DeKalb County v. Graham*, 251 Ga. 423 (306 SE2d 270) (1983).

However, the proper focus in this case, and indeed in all zoning cases, is whether the appellant has suffered a significant deprivation insubstantially related to the public health, safety, morality or welfare. The validity of a zoning ordinance can be called into question only if the appellant has suffered an unconstitutional deprivation. Such a deprivation must be shown before an attack on a properly enacted zoning ordinance may proceed. This is true whether the ground of the attack is that the ordinance is arbitrary and capricious or that the ordinance is confiscatory.

We begin analysis of the zoning problem before us by asking whether plaintiff has sustained an unconstitutional deprivation or "taking." Only this event triggers a judicial inquiry into the validity of a zoning ordinance. Since zoning is a quasi-legislative function, *Olley Valley Estates v. Fussell*, 232 Ga. 779 (208 SE2d 801) (1974), judicial review is available only if there is an allegation that there has been a violation of the constitutional provisions of the Fourteenth Amendment to the Constitution of the United States or a violation of the Constitution of Georgia, Art. I, Sec. I, Par. I (due process) or Art. I, Sec. III, Par. I (eminent domain). Under the eminent domain provision of the Georgia Constitution there may be no damage to the property of an individual for a public purpose without there being first compensation. In the context of government regulation, including zoning, this has been construed to mean that actions of the governing authority which exceed the police power will rise to the level of condemnation and require compensation. *Pope v. City of Atlanta*, 242 Ga. 331 (249 SE2d 16) (1978). "The distinction between use of eminent domain and use of the police power is that the former involves the taking of property because it is needed for public use while the latter involves the regulation of the property to prevent its use in a manner detrimental to the public interest. 1 Nichols, The Law of Eminent Domain § 1.42 (3d Ed. 1976)." *Pope v. City of Atlanta*, supra at 334. When the governing authority exceeds the police power in regulating land use for zoning, health regulation, abating of nuisance, building standards or for any other purpose, the governing authority runs afoul of not only the constitutional prohibition against condemnation of land for a public purpose without just compensation but also the due process clause of the Georgia Constitution and the United States Constitution. *Pope v. City of Atlanta,* supra. In the absence of a proper exercise of the police power, zoning legislation is not only confiscatory but also arbitrary and capricious. In either case,

the zoning will be held unconstitutional and void.

This state uses a balancing test to determine whether the police power has been properly exercised. This test weighs the benefit to the public against the detriment to the individual. The factors to be considered are set forth in *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977). A zoning ordinance is presumptively valid, and this presumption can be rebutted only by clear and convincing evidence. *Guhl v. Holcomb Bridge Rd. Corp.*, supra. The burden is on the plaintiff to come forward with clear and convincing evidence that the zoning presents a significant detriment to the landowner and is insubstantially related to the public health, safety, morality, and welfare. Only after this initial burden is met must the governing authority come forward with justification for the zoning as reasonably related to the public interest. *Brown v. Dougherty County*, 250 Ga. 658 (300 SE2d 509) (1983); *Flournoy v. City of Brunswick*, 248 Ga. 573 (285 SE2d 16) (1981); *DeKalb County v. Flynn*, 243 Ga. 679 (256 SE2d 362) (1979). If the plaintiff does not meet the initial burden of showing both significant detriment and insubstantial relationship to the public health, safety, morality and welfare, there is no need for the governing authority to present any evidence justifying the zoning. *Flournoy v. City of Brunswick*, supra. Further, the question as to "reasonableness" of a zoning classification concerns constitutional reasonableness rather than economic reasonableness, ". . . whether the plaintiff has carried the burden of showing that the zoning under attack is so detrimental to him, and so insubstantially related to the public health, safety, morality and welfare, as to amount to a unconstitutional 'taking,' that is, an arbitrary confiscation of his property without compensation by the governing authority." *Guhl v. M.E.M. Corp.*, 242 Ga. 354 (249 SE2d 42) (1978).

Here, while there was an affidavit that the value of the property as zoned was $174,900 and that if rezoned it would be worth $351,400, there was no evidence of a constitutional deprivation. Although we have repeatedly held that property need not be rendered worthless for its owner to suffer an unconstitutional deprivation, *Barrett v. Hamby*, supra at 266, we have also held that diminution of value in and of itself does not constitute such a deprivation. *Brown v. Dougherty County*, 250 Ga. 658 (300 SE2d 509) (1983).

We recently considered the question of what constitutes an unconstitutional deprivation in the case of *DeKalb County v. Albritton Properties*, 256 Ga. 103 (344 SE2d 653) (1986). In that case we found a significant deprivation because "[w]hile evidence conflicted as to the present suitability of the neighborhood for residential use, the appellees' experts established a downturn in viability of the neighborhood as a residential area, and they foresaw a sharper downturn of land value if the land remained under a residential classification. One ex-

pert termed the property an inverse spot zone, hemmed in by an interstate highway, some commercial development in DeKalb County, and massive commercial development in Fulton County." 256 Ga. at 108.

In his findings of fact in the present case the trial judge found that the property would be more valuable if rezoned. However, he found that the detriment to the public in the higher density development would be substantial with increased congestion and a decrease in property values of neighboring homeowners. The findings indicated no detriment to appellant except for the fact that the property would be more valuable if rezoned. There was no showing that there had been any decrease in value, however, or that any decrease was imminent. The only affidavit which addressed the issue of whether the property could be used for the purpose zoned was that of the buyer of the property whose contract was contingent upon the rezoning. Therefore, there was not a sufficient showing of deprivation to support a constitutional challenge to the existing zoning.

There being no sufficient deprivation which would justify appellant's challenge to the zoning ordinance, we need look no further for a basis upon which to affirm the trial court's decision.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED NOVEMBER 12, 1986.

*Broyles, Dunstan & Dunstan, J. Richard Dunstan,* for appellant.
*Burnside, Wall & Daniel, Robert C. Daniel, Jr.,* for appellee.