43817. CITY OF ROSWELL et al. v. HEAVY MACHINES
COMPANY, INC.
(349 SE2d 743)

GREGORY, Justice.

The City of Roswell appeals a decision by the Superior Court of Fulton County ordering the municipality to rezone property owned by Heavy Machines Co. We affirm.

Heavy Machines Co. bought a 28.6-acre tract of land in Roswell in 1982 for $982,000. An 8.9-acre section of the tract facing Crossville Road is zoned O-P, office-professional. An adjoining 19.7-acre tract facing Houze Street is zoned R-5, a medium density residential classification. The property is surrounded by a patchwork of zoning classifications ranging from heavy commercial and office-professional to residential.

On March 29, 1985, Heavy Machines Co. applied to the City of Roswell for rezoning of the entire tract to C-3, a heavy commercial zoning. After a hearing on the application, the city's planning commission recommended denial. Another hearing was held before the city council, which voted unanimously to deny the application.

Heavy Machines Co. then filed a complaint in equity in the Superior Court of Fulton County against the city council and several city officials seeking to have the court declare the existing zoning of its property unconstitutional.

At trial, Heavy Machines Co. called three expert witnesses. Real estate appraiser Michael Childree estimated the current value of the 8.9-acre portion of the tract zoned O-P to be $4,600,000 and the 19.7-acre portion to be $1,475,000. Childree estimated the value of the property if rezoned C-3 commercial would be $10 million, with the 19.7-acre portion alone worth $6,860,000.

Thomas Roberts, a zoning and land use consultant, testified extensively on the zoning and use of land surrounding the property in question. Roberts described Heavy Machine's property as an "island" of residentially zoned property "coming out all the way into what amounts to a very busy commercial section of Roswell." He concluded the current zoning was not reasonable or appropriate. Under cross-examination, Roberts stated his belief that commercial rezoning of the property should be accompanied by conditions on development of the property to ameliorate increased traffic problems. Civil engineer John Ross testified the property was currently undeveloped but could support commercial development in terms of water and sewer facilities, and drainage and internal road systems.

Don Altobelli, a traffic and transportation expert, testified for the city based on his traffic analysis of the area surrounding the proposed rezoning. Altobelli identified six intersections that would be influenced by commercial rezoning, and two that would suffer a significant adverse effect. Altobelli concluded the existing roads just barely handle existing traffic and could not handle the increases that would accompany commercial rezoning of the property in question. He predicted the number of traffic delays and traffic accidents in the area would increase.

There was substantial evidence beyond that recited here relating to the six lines of inquiry of *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977). The trial court considered all the evidence and found the current R-5 zoning of a portion of the land in question was so detrimental to Heavy Machines' interests, and so insubstantially related to the public health, safety, welfare and morality, as to amount to an unconstitutional taking. The court ordered the 19.7-acre tract rezoned in a constitutional manner. As to the 8.9-acre tract zoned O-P, the trial court remanded the case to the city council

for reconsideration in light of the disposition of the adjacent portion.

The proper focus in this case is whether the applicant for rezoning has suffered a significant deprivation insubstantially related to the public health, safety, welfare or morality. *Gradous v. Bd. of Commrs.*, 256 Ga. 469 (349 SE2d 707) (1986). "This state uses a balancing test to determine whether the police power has been properly exercised. The test weighs the benefit to the public against the detriment to the individual. The factors to be considered are set forth in *Guhl v. Holcomb Bridge Rd. Corp.*, [cit.]. A zoning ordinance is presumptively valid, and this presumption can be rebutted only by clear and convincing evidence. *Guhl v. Holcomb Bridge Rd. Corp.*, supra. The burden is on the plaintiff to come forward with clear and convincing evidence that the zoning presents a significant detriment to the landowner and is insubstantially related to the public health, safety, morality, and welfare. Only after this initial burden is met must the governing authority come forward with justification for the zoning as reasonably related to the public interest." *Gradous v. Bd. of Commrs.*, supra at p. 471.

When the case is appealed, it is not the function of the appellate court to again weigh the facts and determine if there is clear and convincing evidence of invalidity. Rather, the appellate court considers the trial court findings and record below. Unless the findings are clearly erroneous, they are not disturbed on appeal. *City of Atlanta v. McLennan*, 240 Ga. 407, 409 (240 SE2d 881) (1977). Of course, the appellate court determines the rules of law governing the case being bound in no way by such determinations below.

The trial court here was presented with conflicting evidence and balanced the detriment of the zoning to Heavy Machines Co. against the benefit to the public. There was sufficient evidence under the clearly erroneous test to support the trial court's findings.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 13, 1986 —
RECONSIDERATION DENIED DECEMBER 2, 1986.

*Polatty & Sullivan, Michael E. Sullivan,* for appellants.
*Willard & Olsen, Wendell K. Willard,* for appellee.