44092. CITY OF ATLANTA v. STANDISH et al.
(353 SE2d 489)

MARSHALL, Chief Justice.

The City of Atlanta appeals a decision by the Superior Court of Fulton County ordering the municipality to rezone in a constitutional manner property owned by Nelson and Leah Standish. We affirm.

The Standishes bought the property, known as 1518 Monroe Drive, N.E., in 1977 for $54,000. The property — situated on the south side of Monroe Drive about 350 feet southeast of its intersection with Piedmont Avenue — was originally a quadraplex, and is presently zoned R-4 (single-family residential), but is used as a legal nonconforming triplex under the municipal zoning ordinance. The Standishes occupied the largest unit from 1978 to 1984, when they moved out due to increased noise and traffic in the area. All three units are currently utilized as rental property. The property is surrounded by zoning classifications of industrial (to the west and rear), commercial (to the north and immediately adjacent thereto), and residential (immediately adjacent, to the south, and across the street, to the east).

On April 9, 1985, the Standishes applied to the City of Atlanta for rezoning of their property to R-LC (residential-limited commercial). After a hearing on the application, the city's zoning review board recommended approval. Another hearing was held before the city council, which voted to deny the application.

The Standishes then filed a complaint in equity in the Superior

Court of Fulton County against the city seeking to have the court declare the existing zoning of their property unconstitutional.

At trial, evidence was adduced to the following effect. At the time of the plaintiffs' purchase of the property, the adjacent commercially zoned property was used as a warehouse and an electrical-appliance sales and service business, which operated during normal business hours. The industrial-zoned property, at that time, was undeveloped. Subsequent to the purchase of the triplex, the adjacent commercially zoned property was turned into an exercise studio, attracting large numbers of people until the late evening hours, and creating substantial increases in noise levels, as well as vehicular and pedestrian traffic. The adjacent industrial-zoned property has become a large parking lot for a shopping mall, which surrounds the plaintiffs' property on two sides and is situated so that automobile headlights shine directly into one unit's bedrooms and dining room. Automobiles now using the parking lot to avoid the nearby road intersection drive directly by the plaintiffs' triplex.

Terry Lowe, an appraiser, testified that the present value of the triplex is $90,000 and would increase to $175,000 if used for offices once rezoned to R-LC.

Francis Courtney, an environmental-noise expert, testified that the noise levels at various points on the premises were unacceptably high for residential use.

Martha Tise, a former tenant, testified that there was a great deal of noise and traffic during the time she was a resident in one of the units, particularly from the driveway adjoining the exercise studio, which plays loud music during the sessions.

A current tenant, Bill Wilson, who lives in the basement apartment, testified that headlights from cars parked at the exercise studio shine in his windows at night, and that he would not live in the larger unit upstairs for any reason, due to the constant noise.

The plaintiffs testified that, despite every attempt to rent it, the largest of the units has remained vacant for over a year, and that many of those people who do rent the units terminate their leases prematurely due to the noise, thereby causing frequent lapses in occupancy.

The evidence in this case, though conflicting, was sufficient under the "clearly erroneous" test to authorize the finding that the plaintiffs-appellees have suffered a serious deprivation which is not counterbalanced by significant public benefit from the present zoning. See *Haygood v. City of Doraville*, 256 Ga. 566 (350 SE2d 766) (1986); *City of Roswell v. Heavy Machines Co.*, 256 Ga. 472 (349 SE2d 743) (1986); *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469 (349 SE2d 707) (1986); *DeKalb County v. Albritton Properties*, 256 Ga. 103 (344 SE2d 653) (1986); and cits.

*Judgment affirmed. All the Justices concur, except Weltner, Bell, and Hunt, JJ., who dissent.*

WELTNER, Justice, dissenting.

I respectfully dissent. The majority suggests the absence of a "significant public benefit from the present zoning." There is a benefit which is quite significant, and that is the continuation of the residential character of one of Atlanta's close-in neighborhoods — many of which fall under increasing pressures for redevelopment to non-residential uses.

The zoning of surrounding properties has not changed since the owners purchased the property a decade ago. Under present zoning, according to an appraiser, the property now is worth exactly two-thirds more than the purchase price — or an average increase over the purchase price of almost 7% per annum.

In my opinion, this case should be governed by the rationale of *Avera v. City of Brunswick,* 242 Ga. 73, 75 (247 SE2d 868) (1978): "It is not sufficient to show that a more profitable use could be made of the property." See also *Ohoopee Land Dev. Corp. v. Mayor &c. of Wrightsville,* 248 Ga. 96 (281 SE2d 529) (1981); *Flournoy v. City of Brunswick,* 248 Ga. 573 (285 SE2d 16) (1981).

I am authorized to state that Justice Bell and Justice Hunt join in this dissent.

DECIDED MARCH 12, 1987 —
RECONSIDERATION DENIED MARCH 24, 1987.

*Marva Jones Brooks, Thomas A. Bowman, Robert L. Zoeckler,* for appellant.
*Richard D. Ellenberg, James S. Altman,* for appellees.