## 45593. GARRISON et al. v. DeKALB COUNTY et al.
(369 SE2d 253)

PER CURIAM.

Judgment affirmed without opinion pursuant to Rule 59.

*All the Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.

Garrison et al., appeal the denial of a rezoning application involving five parcels of property located on Lawrenceville Highway (U. S. 29) near the DeKalb/Gwinnett County line.

In May 1986, the DeKalb County Board of Commissioners adopted a new comprehensive land use plan. Under this plan, the five parcels were to be rezoned for low intensity office or professional use (O-I). Consistent with this plan, the appellants applied to rezone from residential use (R-75) to O-I. Both the DeKalb County Planning Staff and the Dekalb County Planning Commission recommended the requested rezoning. The County Board of Commissioners, however, denied the application.

1. This Court has given broad deference to local officials in zoning matters, and zoning ordinances are considered presumptively valid. *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322, 323 (232 SE2d 830) (1977). Nevertheless, "[i]n the absence of a proper exercise of the police power, zoning legislation is . . . arbitrary and capricious. [When such arbitrariness occurs], the zoning will be held unconstitutional and void." *Gradous v. Bd. of Commrs.*, 256 Ga. 469, 470 (349 SE2d 707) (1986).

It is arbitrary for the County to present to the public a land use plan and then to deny the public's request to rezone made pursuant to that plan just two months after its adoption. Yet, nothing could be more suspect than for the County to employ an expert witness for trial who contradicts the original plan presented to the public that the County itself adopted. The expert's testimony contradicted the conclusions made by the Planning Commission and the County's consulting firm used in preparing the plan. He testified that he did not agree with the adoption of this portion of the plan by the Board of Commissioners. He also disagreed with the recommendation to grant the rezoning application made by the County's Planning Staff and Planning Commission. This is a unique situation, where, in spite of sixteen public hearings, the County employed someone to contradict at trial its own plan.

> 2. The validity of a zoning ordinance can be called into question only if the appellant has suffered an unconstitutional deprivation . . . This is true whether the ground of the attack is that the ordinance is arbitrary and capricious or that the ordinance is confiscatory.

256 Ga. at 470. The appellants have certainly suffered such deprivation.

When these homes were built, Lawrenceville Highway was a two

lane rural route. Now, it is a major five lane thoroughfare carrying from 22,000 to 25,000 cars a day. This expansion has caused an increase in noise, congestion, and accidents, some of which, have occurred in residents' front yards. The highway expansion has eliminated the natural barrier between the homes and the highway. Before the expansion, two of the five homes were 110 and 80 feet from the highway. Now, they are 69 and 55 feet respectively. Two other homes are now 50 feet from the highway while another is only 34 feet away.

The County makes the ludicrous claim that the property has actually appreciated in value. It may have since the land use plan was adopted showing the area was to be rezoned from residential to O-I. However, the evidence shows that the expansion and its accompanying problems have reduced property sales. The last home sale on this portion of Lawrenceville Highway occurred in September 1986. But that home is not representative of the others because its driveway exits onto a side street and because it occupies a corner lot. Also, its diagonal position to the highway reduces noise. If there has been an increase in property value, it certainly does not derive from the property being a desirable place to have a home and raise a family in a warm, comfortable, and serene location.

Futhermore, the appellants' deprivation furthers no substantial county interest. Testimony indicated that the O-I designation will help stabilize the area. Also, the O-I designation is confined to converting the existing houses to dwelling type offices. In fact, there is not enough property involved to do anything more than office conversion. One of the appellees, the County's Planning Director, admitted that the rezoning will have a negligible impact on the surrounding community.

The present zoning is the result of the County's arbitrary and capricious exercise of police power. The appellants' have also shown by clear and convincing evidence that they have suffered a significant deprivation insubstantially related to the County's interests. *Flournoy v. City of Brunswick*, 248 Ga. 573 (285 SE2d 16) (1981).

DECIDED JUNE 23, 1988 —
RECONSIDERATION DENIED JULY 13, 1988.

*Dillard, Greer, Westmoreland & Wilson, Shawn D. Stafford, Dick Wilson, Jr.,* for appellants.

*Jenkins, Bergman & Darroch, Frank E. Jenkins III, Teresa M. Wright,* for appellees.