S90A0288. DELTA CASCADE PARTNERS II v. FULTON COUNTY et al.
(390 SE2d 45)

BENHAM, Justice.

This is an appeal from a superior court's judgment upholding appellees' denial of appellant's zoning request.[1] Appellant sought to

---

[1] The judgment and notice of appeal in this case preceded this court's decision in *Trend Development Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989), requiring that

have a 40.1-acre tract fronting on Cascade Road in Atlanta rezoned from R-3, single family residential, to A-1, a classification consistent with development of an apartment complex. The Fulton County Board of Commissioners denied the request and the superior court, holding that appellant had failed to bear its burden of proof, affirmed.

The two-part burden of a party challenging the denial of a request to rezone property is to show that the existing zoning presents a significant detriment to the landowner, and that the zoning is insubstantially related to the public health, safety, morality, and welfare. Only after both those showings are made must the governing authority come forward to justify the zoning with evidence that it is reasonably related to the public interest. *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469, 471 (349 SE2d 707) (1986).

In the present case, the trial court found that appellant had not shown a significant detriment to it from the existing zoning. Appellant takes issue with that conclusion, contending that the evidence demanded the conclusion that the property in question could not be developed profitably under the present zoning. The trial court found as a fact, however, that there was a strong market in the area for single family housing and that the physical characteristics of the property would allow it to be developed profitably with single family housing.

Our review of the record finds support for the trial court's findings. Appellant's contention of non-profitability was based on an opinion that only 56 houses could be built on the property and that the market price for the houses would be $90,000 to $110,000. There was other evidence, however, that as many as 75 houses could be built on the property; that the average price of houses in neighboring subdivisions approached $165,000, with some as high as $235,000; and that houses of comparable value could be built on appellant's property. Based on that evidence, the trial court's findings are not clearly erroneous and must, therefore, be accepted by this court as correct. *Holy Cross Lutheran Church v. Clayton County*, 257 Ga. 21 (2a) (354 SE2d 151) (1987).

Since a significant detriment to the landowner is not shown by the fact that the property would be more valuable if rezoned (*DeKalb County v. Chamblee Dunwoody Hotel Partnership*, 248 Ga. 186 (1) (281 SE2d 525) (1981)) or by the fact that it would be more difficult to develop the subject property as zoned than if rezoned (*Holy Cross Lutheran Church*, supra), we agree with the trial court's conclusion that appellant failed to show such a significant detriment in the existing zoning as would amount to an unconstitutional taking of its

appeals in zoning cases proceed by application.

property. See *Gradous*, supra.

Since appellant, as the party challenging the existing zoning in this case, had the burden of showing both significant detriment to it from the existing zoning and insubstantial relation of the present zoning to the public health, safety, morality and welfare, and we have concluded that appellant failed in making the first of those showings, we need not address appellant's contentions regarding the trial court's holding concerning the second showing.

*Judgment affirmed. All the Justices concur.*

### DECIDED APRIL 12, 1990.

*Alston & Bird, Peter M. Degnan, James L. Eastham,* for appellant.

*Kilpatrick & Cody, Michael W. Tyler,* for appellees.

