S96A1888. DeKALB COUNTY v. DOBSON et al.
(482 SE2d 239)

SEARS, Justice.

Appellant DeKalb County ("the County") sought an appeal from the trial court's ruling that the present zoning classification of appellees' properties is unconstitutional. In order to review that conclusion, we granted the County's application for discretionary appeal. We find that appellees altogether failed to satisfy their burden to present clear and convincing evidence that, under the present zoning classification, they are suffering a significant detriment to their rights as landowners unrelated to the public welfare. Therefore, we find that the trial court's ruling was clearly erroneous, and we

reverse.

Appellees are the owners of two adjacent parcels of land ("the Property") located on Tilly Mill Road in DeKalb County, and the developers who have contracted to purchase the Property, contingent on it being rezoned. The Property is presently zoned as classification R-85 (residential), which requires a minimum lot size of 12,000 square feet, a minimum width of 85 feet, and a minimum setback of 35 feet. The appellees sought a rezoning of the Property to a slightly modified classification R-50 (residential), which requires only a minimum lot size of 6,000 square feet, a minimum width of 60 feet, and a minimum setback of 5 feet. Both the R-85 and R-50 zoning classifications require detached single-family dwellings.

At present, there are two dwellings on the Property. As found by the trial court, if the Property was developed under its present R-85 classification, it would yield nine separate lots. However, if it was developed under an R-50 classification, the number of separate lots would increase to 17. There was evidence introduced that development of the Property would yield a profit under either zoning classification. That profit obviously would be greater if the Property was zoned as R-50.

The county planning commission reviewed appellees' request to rezone the Property to R-50, and approved it with certain conditions. The county commission, however, rejected the rezoning application. The appellees appealed to the trial court, which reversed the commission's rejection of the application, ruled that the R-85 zoning classification was unconstitutional as applied to the appellees, and ordered that the Property be rezoned "in a constitutional manner."

In its written order, the trial court noted that the current trend in residential development is toward "larger houses on smaller lots." Thus, the trial court found that an R-50 zoning classification, with its smaller lot requirements, would better lend itself to the Property's development. The trial court also found that if the Property was developed under classification R-85, with its larger lot requirements, the nine lots that would be available would not justify the related costs. Therefore, concluded the trial court, appellees' property values "are substantially diminished by the existing zoning," and the Property "has not been used to its potential to positively influence the community and its owners." The trial court also noted that the present zoning has contributed to a high number of rental properties in the area, which has lowered property values, a trend the trial court indicated could be reversed by rezoning. Finally, the trial court stated that the layout of the Property would make it easy to develop if it were zoned R-50.

1. In reviewing zoning decisions, we remain always mindful that

a governmental zoning ordinance is presumptively valid.[1] Moreover, if the validity of a zoning ordinance is "fairly debatable," the governmental judgment will control our ruling.[2] In zoning cases such as this one, our standard of review is the clearly erroneous test.[3]

The presumption that a governmental zoning decision is valid can be overcome only by a plaintiff landowner's showing by clear and convincing evidence that the zoning classification is a significant detriment to him, and is insubstantially related to the public health, safety, morality, and welfare.[4] Only after both of these showings are made is a governing authority required to come forward with evidence to justify a zoning ordinance as reasonably related to the public interest.[5] If a plaintiff landowner fails to make a showing by clear and convincing evidence of a significant detriment and an insubstantial relationship to the public welfare, the landowner's challenge to the zoning ordinance fails.[6]

It is well established that "[a] significant detriment to the landowner is *not* shown by the fact that the property would be more valuable if rezoned, or by the fact that it would be more difficult to develop the . . . property as zoned than if rezoned."[7] That is to say, a plaintiff landowner cannot satisfy his burden by showing that property could be put to a more profitable use if rezoned.[8] Land value always depends upon land use, and it is invariable that a more aggressive use of land by a landowner generally will increase a property's value. But in zoning challenges, the pertinent question is not whether rezoning would increase the value of property, but rather whether the existing zoning classification serves to deprive a landowner of property rights without due process of law.[9] "Hence, the evidence that the subject property would be more valuable if rezoned . . . borders on being irrelevant."[10] In cases such as this one, the only relevant evidence regarding the value of the subject property is its value as it currently is zoned.[11]

---

[1] *Gradous v. Bd. of Commrs.*, 256 Ga. 469, 471 (349 SE2d 707) (1986).

[2] *DeKalb County v. Chamblee Dunwoody Hotel Partnership*, 248 Ga. 186, 190 (281 SE2d 525) (1981).

[3] *Gradous*, supra.

[4] *Delta Cascade Partners II v. Fulton County*, 260 Ga. 99, 100 (390 SE2d 45) (1990); *Gradous*, supra.

[5] *Flournoy v. City of Brunswick*, 248 Ga. 573, 574 (285 SE2d 16) (1981); *Delta Cascade*, supra; *Gradous*, supra.

[6] *Delta Cascade*, supra.

[7] *Delta Cascade*, 260 Ga. at 100. See *Chamblee Dunwoody Hotel Partnerhip*, supra; *Koppar Corp. v. Griswell*, 246 Ga. 539, 540 (272 SE2d 272) (1980); *Westbrook v. Bd. of Adjustment*, 245 Ga. 15, 16-17 (262 SE2d 785) (1980).

[8] *Chamblee Dunwoody Hotel Partnership*, 248 Ga. at 189.

[9] Id.

[10] Id. at 190.

[11] Id. Notably, the dissent does not discuss the principle that a landowner does not

Bearing these principles in mind, it is obvious that there was ample evidence to support the county's decision not to rezone the Property, and that the trial court's ruling that the R-85 zoning classification was unconstitutional as applied to appellees was clearly erroneous. Appellees failed altogether to satisfy their burden to show that the R-85 zoning classification imposes a significant detriment to their rights as landowners. As explained in the factual discussion above, the trial court's order was based entirely upon its conclusions that (1) the R-50 classification would allow appellees to realize a greater profit in developing the Property, and (2) it would be easier to develop the Property under an R-50 zoning. Moreover, these are the only reasons put forth by appellees on appeal to this Court in support of their claim that the trial court should be affirmed. As shown by the case law discussed above, by showing that the Property could be more profitably and more easily developed under an R-50 zoning classification, and that the Property's value would increase under an R-50 zoning, appellees did not show by clear and convincing evidence that the R-85 classification burdens them with a significant detriment. Thus, there was no evidence before the trial court that would justify its ruling that the R-85 zoning classification was unconstitutional as applied. Furthermore, there was evidence put forth by the County that the Property has a significant value as presently zoned, and could be developed profitably, thereby supporting its decision not to permit rezoning.

Because appellees failed to show a significant detriment to their rights as landowners under the present zoning, the zoning of the Property as R-85 is constitutional as applied to them, and the decision of the County not to rezone the Property should not have been disturbed by the trial court. Therefore, the trial court's ruling is clearly erroneous, and is hereby reversed. In making this ruling, we rely upon long-standing principles established by this Court's clear precedent, and we neither deviate from nor expand upon that precedent.

2. Because of our ruling in Division 1, we need not address the County's contention that the appellee landowners failed to satisfy their burden of showing a substantial detriment because they did not attempt to market the Property under its R-85 zoning.

*Judgment reversed. All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

The majority correctly states that our standard of review of the

---

establish a significant detriment by showing that her property would be more valuable or easier to develop if rezoned.

trial court's judgment in favor of the landowners is the clearly erroneous test, but inconsistently bases its reversal of that judgment upon the existence of evidence to support the County's decision not to rezone the property. In my opinion, application of the correct standard of appellate review mandates an affirmance of the trial court's judgment in favor of the Landowners and against the County. Accordingly, I respectfully dissent.

" 'In zoning matters it is of fundamental importance to distinguish between two types of cases.' " *Moon v. Cobb County*, 256 Ga. 539 (350 SE2d 461) (1986). In one type, a special permit is sought under the terms set out in the ordinance. Because the property owner relies upon the ordinance itself, the validity of the ordinance is not an issue. See *Dougherty County v. Webb*, 256 Ga. 474 (350 SE2d 457) (1986). In the other type, however, a constitutional attack is made against the zoning ordinance. Because the property owner attacks the ordinance itself, the presumption of constitutionality applies. See *Gradous v. Bd. of Commrs.*, 256 Ga. 469, 471 (349 SE2d 707) (1986).

The standard of appellate review is very different for each type of case. In the case wherein a special permit is sought under terms set out in a zoning ordinance, the superior court is bound by the facts presented to the local governing body. *Moon v. Cobb County*, supra at 539-540. However, where, as here, a constitutional attack is made against a zoning ordinance, "[t]he superior court determines the law and facts from matters presented to it with *no deference* to decisions made below on either fact or law." (Emphasis supplied.) *Moon v. Cobb County*, supra at 539. In the superior court, the property owner has the burden of rebutting the presumption of constitutionality by clear and convincing evidence. *Gradous v. Bd. of Commrs.*, supra. The losing party may appeal "to this court where our standard of review as to the facts is the clearly erroneous test. [Cits.] We, of course, owe no deference to the superior court as to the law." *Moon v. Cobb County*, supra at 539.

> When the case is appealed, it is not the function of the appellate court to again weigh the facts and determine if there is clear and convincing evidence of invalidity. Rather, the appellate court considers the trial court findings and record below. Unless the findings are clearly erroneous, they are not disturbed on appeal. [Cit.]

*City of Roswell v. Heavy Machines Co.*, 256 Ga. 472, 474 (349 SE2d 743) (1986). See also *Alexander v. DeKalb County*, 264 Ga. 362, 365 (3) (444 SE2d 743) (1994); *Jones v. City of Atlanta*, 257 Ga. 727, 729 (363 SE2d 254) (1988); *City of Atlanta v. Standish*, 256 Ga. 836, 837

(353 SE2d 489) (1987); *Bd. of Commrs. v. Skelton*, 248 Ga. 855, 857 (1) (286 SE2d 729) (1982); *City of Atlanta v. McLennan*, 240 Ga. 407, 409 (2) (240 SE2d 881) (1977).

Accordingly, the findings of the trial court in this case cannot be disturbed on appeal unless they are clearly erroneous. Contrary to the implication of the majority, the trial court in the instant case made thorough findings of fact, including the following: The County Planning Department reviewed the Landowners' application under OCGA § 36-67-3, and approved it with certain conditions. At present, there is only one dwelling on each parcel, and it is not feasible to repair and insure them. The properties cannot be improved or developed under the present zoning. The current trend in the area is toward larger houses on smaller lots. While there has been no new R-85 subdivision developed in twenty years, two new R-50 developments have been established since 1985 and 1987 without any evidence that those developments have detracted from the neighborhood. The nine lots possible under R-85 zoning are not enough to support development. The proposed R-50 development would not require any through traffic and would not adversely affect the streets, schools or utilities in the area. Present zoning has led to an increase in rental properties and deteriorating conditions. The proposed rezoning is consistent with the County's comprehensive land use plan. Based on these findings, the trial court concluded that the Landowners presented clear and convincing evidence that they have suffered a significant detriment which is not substantially related to the public health, safety, morality and welfare.

To these findings, the trial court applied the balancing test set forth in *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977) and further found as follows: The existing uses and zoning of nearby property includes two adjacent R-50 developments, commercial and multi-family buildings within two-tenths of a mile, and a nearby major interchange. The property values are substantially diminished by the existing zoning. If the two tracts of land are considered separately, neither Landowner can use his land for any purpose other than one single-family house, the value of which would not justify the substantial repairs necessary to bring it up to insurance underwriting approval. Even if the properties are combined, the number of lots yielded would not support any development. The destruction of property values diminishes the health, safety and welfare of the community. Without rezoning, the properties will continue to deteriorate and there is no relative gain to the public. The properties are on a major thoroughfare adjoining R-50 developments and they are not suitable for the current zoning. By developing the properties in accordance with the predominant character of the area and allowing them to become a valuable addition to the County's tax

base, the rezoning will benefit both the public and the Landowners.

While the evidence conflicted as to the present suitability of the properties for low-density residential use, the evidence established a downturn in viability of the properties as a low-density residential area, and a decrease in land value if the properties remained under the R-85 classification. *DeKalb County v. Albritton Properties*, 256 Ga. 103, 108 (1) (a) (344 SE2d 653) (1986). Indeed, the DeKalb County Planning Department itself found that "[t]he property is not economically viable as currently zoned as the density allowed versus the amount of property available for development is not cost-effective."

> [F]or . . . unlawful confiscation to occur, requiring that the zoning be voided, it is not necessary that the property be totally useless for the purposes classified. [Cit.] It suffices to void it that the damage to the owner is significant and is not justified by the benefit to the public. [Cits.]

*Barrett v. Hamby*, 235 Ga. 262, 266 (219 SE2d 399) (1975). Even if the land in question still retains *some* value as zoned, it is clear that the evidence established the required "significant detriment." *DeKalb County v. Albritton Properties*, supra at 108 (1) (a). See also *City of Atlanta v. Standish*, supra; *City of Roswell v. Heavy Machines Co.*, supra. There was a conflict in the evidence as to the economic feasibility of alternative uses and the impact of each use on the public health and welfare, but "the findings of the trial judge, supported by credible evidence, are not clearly erroneous." *City of Atlanta v. McLennan*, supra at 410 (2). Rather than properly affirming the judgment on the basis that the trial court's findings are not clearly erroneous, the majority, while purporting to apply the correct standard of review and not to deviate from or expand on precedent, does indeed deviate from this Court's precedent by incorrectly reweighing the facts for itself in order to support its conclusion that the Landowners failed to present clear and convincing evidence of invalidity. *City of Roswell v. Heavy Machines Co.*, supra. Therefore, I respectfully dissent to the majority's reversal of the trial court's judgment.

I am authorized to state that Justice Hunstein and Justice Thompson join in this dissent.

DECIDED FEBRUARY 17, 1997 —
RECONSIDERATION DENIED MARCH 13, 1997.

*Jenkins & Nelson, Kirk R. Fjelstul,* for appellant.
*Benjamin P. Erlitz,* for appellees.