46137. CANDLER & ASSOCIATES, INC. et al. v. CITY OF ROSWELL et al.
(373 SE2d 19)

MARSHALL, Chief Justice.

This is a zoning case. The issue is whether the trial court erred in upholding the governing authority's failure to rezone the appellants' property. For reasons which follow, we reverse.

The 11.14-acre tract, composed of 17 parcels, is situated in the southwest quadrant of the intersection of Holcomb Bridge and Warsaw Roads in the City of Roswell. In 1983, 13 of the parcels, situated in the interior of the tract, were rezoned from single-family residential to office-professional (O-P), the constitutionality of which was upheld. These and adjacent landowners later hired appellant shopping center developer to develop a site plan and application for commercial classification. The city planning department recommended the development, the city council denied the application, and, in the ensuing action, the trial court ruled the O-P classification to be constitutional.

This state uses a balancing test to determine whether the police power has been properly exercised. This test weighs the benefit to the public against the detriment to the individual. The factors to be considered are set forth in *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977). A zoning ordinance is presumptively valid, and this presumption can be rebutted only by clear and convincing evidence. *Guhl v. Holcomb Bridge Rd. Corp.*, supra. The burden is on the plaintiff to come forward with clear and convincing evidence that the zoning presents a significant detriment to the landowner and is insubstantially related to the public health, safety, morality, and welfare. Only after this initial burden is met must the governing authority come forward with justification for the zoning as reasonably related to the public interest. [Cits.]

*Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469, 471 (349 SE2d 707) (1986).

The appellants met their burden of showing significant detriment by demonstrating that the property, as zoned, is worth less than other O-P property because it is completely unfeasible to develop it as O-P property. They used development-cost and marketing-feasibility analyses, and the city presented no witness to rebut the appellants' numerous expert witnesses. Problems cited were that the property would have to be graded, sewer lines would have to be run, there are access and traffic problems, the difficulty of assemblage of 17 separate parcels, and the absence of any offers received under the O-P zoning. The city presented little or no credible evidence that the O-P zoning is related to the public interests, whereas there was clear and convincing evidence that the appellants' proposed commercial development would affirmatively promote the public interests.

*Judgment reversed. All the Justices concur, except Weltner and Hunt, JJ., who dissent.*

HUNT, Justice, dissenting.

The trial judge concluded that the present zoning classification (O-P) caused no "significant detriment," in the constitutional sense, to appellants' property. This conclusion was authorized by his findings of fact which were not clearly erroneous. Notwithstanding appellants' powerful argument to the contrary, the judgment should be affirmed. See *Gradous v. Bd. of Commrs.*, 256 Ga. 469, 470 (349 SE2d 707) (1986); *Dougherty County v. Webb*, 256 Ga. 474, 477 (fn.3) (350 SE2d 457) (1986); *Holy Cross Lutheran Church v. Clayton County*, 257 Ga. 21 (354 SE2d 151) (1987).

I respectfully dissent and am authorized to state that Justice

Weltner joins in this dissent.

DECIDED OCTOBER 27, 1988.

*Alston & Bird, Peter M. Degnan, James L. Eastham,* for appellants.

*Drew, Eckl & Farnham, Theodore Freeman, Barbara J. M. Frake, Pollaty & Sullivan, Michael E. Sullivan,* for appellees.