46994. BROWNING et al. v. COBB COUNTY et al.
(383 SE2d 126)

CLARKE, Presiding Justice.
This zoning case involves 251 acres of vacant property surround-

ing the intersection of Bells Ferry Road and New Chastain Road. Appellants brought this action challenging the constitutionality of the county's refusal to change existing zoning restrictions. The trial court upheld the constitutionality of the existing zoning. We affirm.

After hearing the evidence, the trial court made findings of fact that may be summarized as follows. The property is not unsuitable for residential development, even though its value would be substantially higher if rezoned as proposed by appellants. The value of the property as zoned is approximately $5,000,000 to $6,000,000. Its value if rezoned as proposed by appellants would be about $19,000,000. The property is zoned consistently with a county land use plan that provides for commercial development along the Canton Road corridor to the west of the property and along the I-75/I-575 corridor to the east of the property. The plan seeks to preserve the residential character of the area lying between the two corridors. The property is bounded on most sides by stable residential areas with good markets for residential sales. Rezoning the property and developing it as proposed would drastically change the character of the area and would lower the value of surrounding homes by $20,000 to $30,000. The proposed development would also increase the traffic in the area beyond present road capacity. It would further absorb all of the reserve capacity of the future road improvements planned by the county.

The essential issue in a challenge to the constitutionality of a zoning ordinance is whether the property owner has suffered a significant detriment that is insubstantially related to the public health, safety, morality, and welfare. *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469 (349 SE2d 707) (1986). However, zoning ordinances are presumptively valid; the party challenging the ordinance must establish its unconstitutionality by clear and convincing evidence. Id. at 471. Here, the trial court decided that detriment suffered by the landowners is not unconstitutional in light of the strong relationship between the zoning restrictions and the public benefit.

1. In several of their enumerations of error appellants challenge the factual conclusions of the trial court. Our standard of review as to the facts found by the Superior Court is the clearly erroneous test. *City of Roswell v. Heavy Machines Co.*, 256 Ga. 472 (349 SE2d 743) (1986); *Bd. of Commrs. v. Skelton*, 248 Ga. 855 (286 SE2d 729) (1982). Here, although the evidence in appellants' favor was more voluminous than the evidence favoring the county, the findings of fact are adequately supported in the record and are not clearly erroneous.

2. Appellants contended below that the zoning classifications on their property are unconstitutional because of the economic unfeasibility of developing the property under the existing low density residential classifications. Appellants now assert that the court erred by failing to accord their economic feasibility studies the appropriate

weight consistent with *Candler & Assoc. v. City of Roswell*, 258 Ga. 621 (373 SE2d 19) (1988). Appellants misapprehend the *Candler* holding. In *Candler* we recognized that economic feasibility studies may be used to demonstrate detriment to the landowner. However, an economic feasibility study, like any other evidence, is subject to a credibility determination by the trier of fact. The trier of fact, not a court of appellate jurisdiction, must decide what weight, if any, a study deserves. *Candler* did not create a new legal standard in zoning cases. Rather, it reaffirmed the standard enunciated in *Gradous*, supra, the same standard applied by the trial court in this case. The decision of the trial court in *Candler* was overturned because the record demonstrated no relationship between the zoning ordinance and the public interest. The facts of this case distinguish it from *Candler*. Here, even assuming that appellants suffer a significant detriment due to the zoning classifications, that detriment is outweighed by the substantial public benefit of the present zoning classifications. In sum, we conclude that the trial court made findings of fact that are adequately supported in the record and applied the appropriate legal standard. We find no basis to reverse.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.

My feeling is that this case is controlled by *Candler & Assoc. v. City of Roswell*, 258 Ga. 621 (373 SE2d 19) (1988). Therefore, I dissent.

DECIDED SEPTEMBER 11, 1989 —
RECONSIDERATION DENIED SEPTEMBER 28, 1989.

*Alston & Bird, G. Conley Ingram, Peter M. Degnan, Samuel M. Chambliss III*, for appellants.
*Sams, Glover & Gentry, Richard W. Calhoun*, for appellees.