43570. MOON et al. v. COBB COUNTY et al.
(350 SE2d 461)

WELTNER, Justice.

In a recent opinion, *Dougherty County v. Webb*, 256 Ga. 474 (350 SE2d 457) (1986), Justice Gregory appended the following footnote:

"In zoning matters it is of fundamental importance to distinguish between two types of cases. The procedures are different in each. Where a constitutional attack is made against a zoning ordinance, this issue must be raised before the local governing body (county commission or city council) in order to afford that body the opportunity to amend its ordinance to bring it within constitutional limits. *Village Centers v. DeKalb County*, 248 Ga. 177 (281 SE2d 522) (1981). That body however, does not adjudicate the constitutionality of the ordinance. Instead, it acts in its legislative capacity should it elect to amend the ordinance. *Olley Valley Estates v. Fussell*, 232 Ga. 779 (208 SE2d 801) (1974). The landowner who is disappointed before the local governing body next brings a suit in superior court challenging the constitutionality of the zoning ordinance. The superior court determines the law and facts from matters presented to it with no deference to decisions made below on either fact or law. The landowner must establish the unconstitutionality of the ordinance by clear and convincing evidence. *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469 (349 SE2d 707) (1986). A landowner who loses may appeal his case to this court where our standard of review as to the facts is the clearly erroneous test. *City of Roswell v. Heavy Machines, Co.*, 256 Ga. 472 (349 SE2d 743) (1986); *Bd. of Commrs. v. Skelton*, 248 Ga. 855 (286 SE2d 729) (1982). We, of course, owe no deference to the superior court as to the law.

"The other type case is that presented by this opinion [*Dougherty County v. Webb*], where a special permit is sought under terms set out in the ordinance. In these circumstances the landowner must present his case on its facts and the law to the local governing body. That body acts in a quasi-judicial capacity to determine the facts and apply the law. See 3 Anderson, American Law of Zoning, § 19.17

(1977); 3 Rathkopf, The Law of Zoning and Planning, § 42-10 (1979); *Olley Valley Estates, Inc.*, supra. A disappointed landowner travels to superior court by direct appeal, if the zoning ordinance so provides, or otherwise by mandamus. *City of Atlanta v. Wansley Moving &c. Co.*, 245 Ga. 794 (267 SE2d 234) (1980). The superior court is bound by the facts presented to the local governing body. The law, of course, is determined anew by the superior court. In a mandamus action, the landowner is entitled to relief only where he has established before the local governing body a clear legal right to the relief sought, or demonstrates to the superior court a gross abuse of discretion. Id."

Applying the first paragraph of that footnote to the case before us, we are unable to conclude that the landowners have been able to "establish the unconstitutionality of the ordinance by clear and convincing evidence." *Dougherty County*, supra, fn. 3. *Gradous v. Bd. of Commrs. of Richmond County*, supra. "We do not ask whether another zoning classification might be more logically and economically 'reasonable' or desirable on all the facts than the one attacked, because that is not the question." *Guhl v. M.E.M. Corp.*, 242 Ga. 354, 355 (249 SE2d 42) (1978).

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents. Clarke, P. J., disqualified.*

SMITH, Justice, dissenting.

I join the majority of the Cobb County Commission in holding the view that the R-20 zoning classification as applied to the subject property is most unsuitable. Unfortunately, the commission and this court, due apparently to a preoccupation with the specific classification requested by the appellants in their rezoning application, abdicated their respective responsibilities in ignoring the unconstitutional nature of the R-20 classification as applied to the subject property. The commissioners' own trial testimony compels such a view of the R-20 classification here, the nature of the appellants' rezoning request notwithstanding.

The appellants sought rezoning of a 50-acre tract located on the north side of Roswell Road approximately 1000 feet west of the intersection of Roswell and Providence Roads. The property east of the intersection contains a K-Mart shopping center, the Merchant's Festival shopping center, the Merchant's Walk shopping center, and other retail and banking establishments. The subject property is currently zoned R-20 which allows single-family residential units of a density of one residential unit per every 20,000 square feet which is approximately 1.75 residential units per acre. The appellants applied for a planned shopping center classification, PSC, which would allow general retail and personal service activities.

On September 17, 1985, the Cobb County Commission by a vote

of five to zero rejected the rezoning application. The appellants then filed an equitable petition for a declaration that the present zoning classification was unconstitutional.

This case is unusual in that almost without exception everyone agreed that the property as currently zoned restricted the property to uses for which it was no longer reasonably adapted.

Four of the five commissioners who voted against the rezoning application stated in depositions which were read into evidence that the highest and best use for the subject property was some sort of a mixed-use. Commissioner Paschal testified that mixed-use included some general commercial, office and institutional, single-family dwellings and cluster housing which could be as many as four units to the acre. "[T]he county has the duty and obligation to work with property owners to allow them the highest and best use of their property, by considering on its own motion ways in which the county's objections to a proposed development could be eased by county action." *DeKalb County v. Flynn*, 243 Ga. 679, 681 (256 SE2d 362) (1979).

Commissioner Thompson stated that the area around the property was *transitional* and that the land *use in the area varies* from what was anticipated on the future land use map. When asked if the land was developable under the R-20 classification he said, "*I wouldn't think it would be developable as R-20*, but there's lots of categories you could look at besides R-20." He also said, that *there are very few tracts that would lend themselves to development under an R-20 category* and that "the price that developers are having to pay for this land just does not lend itself to half-acre developments." (Emphases supplied.)

The zoning administrator of the Cobb County Planning and Zoning Department, Mark Danneman, stated that the comprehensive land use plan recommended a medium density residential usage of two to four units per acre. He later testified that the planning and zoning department regards R-20 as peaking out at 1.75 units per acre. Thus, *the land use plan does not support the current R-20 zoning.* He also testified that although the appellants did not present any type of mixed-use plan, that "it was discussed in the meeting that we had prior to the preparation of the analysis and suggested would they consider an alternate plan of some type of mixed use, either commercial, if it had to be, or preferably office, and residential." He also responded affirmatively when asked, "in your judgment, *the property is not suitable for R-20 zoning at the present time*, is it, due to its location, and its value and all those things?"

A witness for the appellee, Cobb County, James Bradford, testified that he could not find any comparable properties zoned R-20 in the area because *no properties with an R-20 classification are being developed.* He stated that the R-15 zoning classification was more in

line "with everything else that has been developed along the Roswell Road corridor and that the R-20 would not hold."

The question that must be answered is: Does the existing zoning classification create a significant deprivation for the landowner which is insubstantially related to the public health, safety, morality or welfare? See *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469 (349 SE2d 707) (1986). The decisions of local zoning authorities are presumed valid, but the presumption may be overcome by the presentation of clear and convincing evidence that the existing classification is significantly detrimental to the owner and that it is insubstantially related to the public health, safety, morality, and welfare. Once the challenger meets this burden, the zoning authority must come forward with evidence justifying the zoning as reasonably related to the public interest. *Brown v. Dougherty County*, 250 Ga. 658, 659 (300 SE2d 509) (1983).

What could be more significantly detrimental to the owners than to have property that is: 1) zoned more restrictively than the current comprehensive land use map; 2) in a transitional area; 3) in an area where the land use in the area varies from what was anticipated on the future land use map; 4) more restrictively zoned than surrounding developing property; and, 5) admittedly zoned in such a manner that it cannot be developed, thus, restricting the property to uses for which it is no longer reasonably adapted.

The fact that members of the County Commission determined and testified that a denser use classification was more appropriate certainly is clear and convincing evidence that the current classification is insubstantially related to the public health, safety, morality, and welfare. Moreover it is evidence that the current classification is unreasonable and arbitrary as applied to the subject property. The damage to the owners is significant and without a corresponding benefit to the public.

The appellants failure to seek an R-15, or a mixed-use zoning classification rather than the PSC classification should not have prevented the trial court from finding that the current R-20 classification was confiscatory and unconstitutional. See *Guhl v. Tuggle*, 242 Ga. 412, 415 (249 SE2d 219) (1978). The issue before the court was whether the current ordinance resulted in significant deprivation that was insubstantially related to the public health, safety, morality or welfare, thus, rendering the ordinance unconstitutional. The request by the owners to rezone the property to a planned shopping center classification was not determinative of that issue. Either the *current classification* results in an unconstitutional taking or it does not.

Based upon all the evidence, the trial court was clearly erroneous in failing to find that the property was unconstitutionally zoned. I would find an unconstitutional confiscation and remand, directing the

trial court to order the board to rezone the property in a constitutional manner.

The current challenged ordinance restricts the property to uses for which it is no longer reasonably adapted, and the ordinance is insubstantially related to the public health, safety, morality or welfare. If that does not amount to unconstitutional confiscation I do not know what does.

I respectfully dissent.

DECIDED DECEMBER 3, 1986 —
RECONSIDERATION DENIED DECEMBER 17, 1986.

*Dupree & Staples, Hylton Dupree, Jr., Mark A. Johnson,* for appellants.

*Sams, Glover & Gentry, Garvis L. Sams, Jr.,* for appellees.