**SECOND DIVISION
RICKMAN, C. J.,
MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**January 5, 2023**

# In the Court of Appeals of Georgia

A22A1585. SCHROEDER HOLDINGS, LLC et al. v. GWINNETT COUNTY.

RICKMAN, Chief Judge.

Schroeder Holdings, LLC ("Schroeder"), SunTrust Bank, as the Executor of the Estate of Douglas Nash McCurdy, Centzil Partners, LP, Centzil Management, LLC, DMC, Inc., and Y&M Corp. (collectively, "Appellants") appeal from the superior court's order granting Gwinnett County's motion for summary judgment on Appellants' claims arising from the County's denial of Schroeder's request to rezone a parcel of land. On appeal, Appellants argue that the superior court erred by concluding that the rezoning decision was quasi-judicial and that sovereign immunity bars their claims against the County. In the alternative, Appellants contend that the superior court erred in concluding that they failed to comply with one or more of the

statutory prerequisites for seeking certiorari review. For the following reasons, we affirm in part and reverse in part.

We review de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. *City of St. Marys v. Reed*, 346 Ga. App. 508, 508-509 (816 SE2d 471) (2018). Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. at 508; see OCGA § 9-11-56 (c).

Although we review the record in the light most favorable to Appellants as the nonmovants, the relevant facts are not in dispute. In May 2019, Schroeder filed an application to amend the County's official zoning map, requesting that an approximately 100-acre tract of land be rezoned. In support of its application, Schroeder asserted that the property had no "reasonable economic use as currently zoned" because "the cost to improve this type of property would not yield enough return with the larger tracts" required under the existing zoning classification. The Gwinnett County Board of Commissioners considered Schroeder's application at a public meeting in October 2019. In December 2019, the Board denied Schroeder's rezoning application.

2

On January 2, 2020, Appellants filed a complaint and petition for certiorari in Gwinnett County Superior Court. In their complaint, Appellants sought a reversal of the denial of the rezoning application and asserted claims for regulatory taking, inverse condemnation, and substantive due process violations, in addition to seeking a review of the zoning decision pursuant to a writ of certiorari. On January 3, the superior court sanctioned Appellants' petition for certiorari and issued the writ of certiorari.

The County filed a motion to dismiss, asserting that Appellants' claims were barred by sovereign immunity and that Appellants had failed to comply with the legal requirements for a certiorari petition and writ, including naming a respondent as well as a defendant. In their response, Appellants moved to add the Gwinnett County Board of Commissioners and its five members as parties.

After the close of discovery, the County moved for summary judgment on all of Appellants' claims, arguing that because the Board's decision was quasi-judicial, Appellants' only remedy was review under a writ of certiorari, but that Appellants had failed to comply with the procedural requirements for seeking that review. In addition, the County contended that sovereign immunity barred Appellants' claims,

and that claims for inverse condemnation and regulatory taking are not allowed as a matter of law in zoning cases such as this one.

Following a hearing, the superior court entered an order granting the County's summary judgment motion. The court found that Appellants could only obtain relief by seeking certiorari review of the Board's decision, and that they had failed to comply with the statutory requirements for seeking that relief, including failing to name the Board as the respondent. The court also found that Appellants' claims were barred by the doctrine of sovereign immunity. This appeal followed.

1. Appellants contend that the superior court erred by concluding that rezoning denials are quasi-judicial decisions that can only be challenged by means of a writ of certiorari. We agree.

OCGA § 5-4-1 (a) provides, in relevant part: "The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers[.]" Accordingly, "certiorari is not an appropriate remedy to review or obtain relief from the judgment, decision or action of an inferior judicatory or body rendered in the exercise of legislative, executive, or ministerial functions, as opposed to judicial or quasi-judicial powers." (Citation and punctuation omitted.) *City of Cumming v. Flowers*, 300 Ga. 820, 823 (3) (797 SE2d 846) (2017).

4

The Supreme Court of Georgia has distinguished between two types of zoning cases and explained that the procedures are different in the two types of cases. See *Moon v. Cobb County*, 256 Ga. 539, 539 (350 SE2d 461) (1986). In the first type, "a constitutional attack is made against a zoning ordinance[.]" Id. The constitutional issue "must be raised before the local governing body . . . in order to afford that body the opportunity to amend its ordinance to bring it within constitutional limits." Id.; *Village Centers, Inc. v. DeKalb County*, 248 Ga. 177, 178 (2) (281 SE2d 522) (1981) ("Before litigants seek a declaration by a court of equity that a zoning ordinance is unconstitutional as applied to their property, they must apply to the local authorities for relief by rezoning.") Local governing boards hearing such rezoning applications "are not sitting as judges," rather, "the requirement of notice is afforded to them so that they may amend the zoning ordinance if it needs to be amended, not so they can hold the ordinance constitutional or unconstitutional." (Citation and punctuation omitted.) *Ashkouti v. City of Suwanee*, 271 Ga. 154, 155 (516 SE2d 785) (1999). "When a zoning authority either grants or denies an application for re-zoning, it acts in a legislative capacity, and when the constitutionality of that legislative enactment is challenged in court, it is afforded de novo review, i.e., the superior court is not limited to examination of the evidence presented to the zoning authority." *Stendahl*

5

*v. Cobb County*, 284 Ga. 525, 526 (1) (668 SE2d 723) (2008); see *Mayor & Aldermen of the City of Savannah v. Rauers*, 253 Ga. 675, 675 (1) (324 SE2d 173) (1985) (rejecting the proposed procedure of deciding a "constitutional challenge to the zoning ordinance on the basis of the evidence before the city council," such that "no trial de novo" would be permitted, because "the zoning authority is acting in a legislative capacity, and the constitutionality of its action in denying rezoning (adhering to the existing zoning ordinance) is being challenged in court.")

The second type of zoning case is "where a special permit is sought under terms set out in the ordinance. In these circumstances the landowner must present his case on its facts and the law to the local governing body. That body acts in a quasi-judicial capacity to determine the facts and apply the law." (Citation and punctuation omitted.) *Moon*, 256 Ga. at 539. The second type of case is appealed to the superior court by writ of certiorari. *Flowers*, 300 Ga. at 825 (4) ("an administrative zoning body's quasi-judicial decision comes within the scope of OCGA § 5-4-1 and thus is subject to appeal to the superior court by petition for certiorari.") "When a party seeks certiorari review in the trial court of a decision of an administrative body acting in a quasi-judicial capacity, the trial court is bound by the facts and evidence presented to the administrative body." (Citation and

6

punctuation omitted.) *Forsyth County v. Mommies Properties, LLC*, 359 Ga. App. 175, 184 (2) (855 SE2d 126) (2021). "The appropriate standard of review to be applied to issues of fact on writ of certiorari to the superior court is whether the decision below was supported by any evidence." (Citation and punctuation omitted.) Id. at 176.

In *Diversified Holdings, LLP v. City of Suwanee*, 302 Ga. 597, 600-605 (II) (807 SE2d 876) (2017), the Supreme Court of Georgia concluded that, for purposes of determining whether a discretionary application under OCGA § 5-6-35 (a) (1) must be filed instead of a notice of appeal under OCGA § 5-6-34 (a) (1), rulings on rezoning applications are adjudicative in nature. The Supreme Court's conclusion in *Diversified* calls into question the longstanding Georgia rule that a zoning authority's grant or denial of a rezoning application is a legislative act subject to de novo review by a superior court. See *Stendahl*, 284 Ga. at 526 (1); *Rauers*, 253 Ga. at 675 (1). We recognize that there is a strong argument that, after *Diversified*, rezoning decisions must be treated as quasi-judicial acts which may be reviewed only by writ of certiorari.[1] However, in *Diversified,* the Supreme Court did not address whether a

[1] Under the recently enacted OCGA § 36-66-5.1, "zoning decisions," which are defined by OCGA § 36-66-3 (4) to include "final legislative action by a local government which results in . . . [t]he adoption or denial of an amendment to a zoning

party challenging the denial of a rezoning application must file its suit as a petition for certiorari to the superior court under OCGA § 5-4-1. And a decision of our Supreme Court "is not precedent for a point it does not actually address and resolve[,]" *Ga. Dept. of Human Svcs. v. Addison*, 304 Ga. 425, 434 (4) n. 9 (819 SE2d 20) (2018), so *Diversified* is not precedent for the issue of whether the denial of a rezoning application may only be challenged by way of a writ of certiorari.[2] Under existing law, the superior court erred in concluding that the Board's denial was a quasi-judicial zoning decision that could only be challenged by way of certiorari. See *Stendahl*, 284 Ga. at 526 (1); *Rauers*, 253 Ga. at 675 (1).

---

ordinance to rezone property from one zoning classification to another[,]" may be challenged by way of de novo review by the superior court in declaratory judgment or equity actions. OCGA § 36-66-5.1 (a) (1). In contrast, quasi-judicial decisions may be challenged only by petition for certiorari. OCGA § 36-66-5.1 (a) (2). However, OCGA § 36-66-5.1 only applies to zoning and quasi-judicial decisions occurring on or after July 1, 2022. See Ga. L. 2022, Act 881, § 2. Schroeder's rezoning application was denied in 2019. Consequently, OCGA § 36-66-5.1 is inapplicable here.

[2] We note that in her concurrence in the denial of a discretionary application in *IDI Logistics, LLC v. City of Douglasville*, 312 Ga. 288, 288-289 (862 SE2d 324) (2021), Justice Warren (with Chief Justice Nahmias joining), citing *Stendahl*, *Rauers*, and *Diversified*, questioned whether "a party challenging the denial of a rezoning application must, in all instances, file its suit as a petition for certiorari to the superior court under OCGA § 5-4-1 et seq."

2. Appellants argue that the superior court erred by concluding that the doctrine of sovereign immunity bars their claims against the County. Specifically, Appellants contend that sovereign immunity does not bar claims for inverse condemnation or claims seeking judicial review of a rezoning decision.[3] We agree in part and disagree in part.

"The burden of demonstrating a waiver of sovereign immunity rests upon the party asserting it." (Citation and punctuation omitted.) *Dept. of Transp. v. Mixon*, 312 Ga. 548, 550 (2) (a) (864 SE2d 67) (2021).

(a) *Inverse condemnation claim.*

"Inverse condemnation claims draw their meaning and remedies from the eminent domain provisions in the Fifth Amendment of the United States Constitution and Article I, Section III, Paragraph I of the Georgia Constitution, each of which protects against uncompensated 'takings.'" *Diversified*, 302 Ga. at 605 (III). Article I, Section III, Paragraph I (a) of the Georgia Constitution (the "Just Compensation Provision") provides that, as a general matter, "private property shall not be taken or

[3] Although the Georgia Constitution was recently amended to provide a waiver of sovereign immunity in certain actions seeking declaratory relief, that amendment applies only to "acts which occur on or after January 1, 2021." Ga. Const. of 1983, Art. I, Sec. II, Par. V (b) (1). Appellants do not contend that the recent amendment applies here.

damaged for public purposes without just and adequate compensation being first paid."

In *Diversified*, the Supreme Court described inverse condemnation as a type of regulatory taking in which the government has effectively taken property without providing just compensation. Id. at 606-607 (III). "A plaintiff seeking to challenge a government regulation as an uncompensated exercise of the government's eminent domain power must show that the regulation is so onerous that its effect is tantamount to a direct appropriation or ouster." (Citation and punctuation omitted.) Id. at 607 (III). As the Court explained, "zoning is unlikely to be a fertile ground for inverse condemnation claims" because zoning "does not ordinarily present the kind of affirmative public use at the expense of the property owner that effects a taking[.]" Id. at 610 (III). The Court identified "the permanent, physical occupation of (or impact on) property" as the most straightforward type of inverse condemnation claim, id. at 607 (III), but did not limit inverse condemnation claims to such cases.

The Supreme Court of Georgia has long held that the Just Compensation Provision "waives sovereign immunity for inverse condemnation claims seeking monetary compensation." *Mixon*, 312 Ga. at 548. In *Mixon*, the Supreme Court held that the Just Compensation Provision also waives sovereign immunity for claims

10

seeking injunctive relief "(1) where the Just Compensation Provision's requirement of prepayment before a taking or damaging applies and has not yet been met; or (2) where the authority effecting a taking or damaging has not invoked the power of eminent domain." Id.

Appellants' complaint alleges an inverse condemnation claim and requests both damages and equitable relief. We find no evidence in the record that the County invoked the power of eminent domain with respect to the property at issue. Consequently, the superior court erred in finding that there was no waiver of sovereign immunity with respect to Appellants' inverse condemnation claim. See *Mixon*, 312 Ga. at 548.

(b) *Substantive due process claim*.

In *Diversified*, the Supreme Court discussed the distinction between eminent domain and police power: "The police power of the governing authority is properly used to regulate property to prevent its use in a manner detrimental to the public interest, while the exercise of eminent domain involves the taking of property because it is needed for public use." (Citation and punctuation omitted.) 302 Ga. at 605 (III). "When the property owner's right to the unfettered use of his property confronts the

11

police power under which zoning is effected, due process guarantees act as a check against the arbitrary and capricious use of that police power." Id. at 611 (III).

Appellants' complaint includes a substantive due process claim. Appellants contend that because the power to zone land derives from constitutional provisions similar to those that permit the exercise of eminent domain, sovereign immunity does not bar superior court review of zoning ordinances under a substantive due process claim. In addition, Appellants argue that sovereign immunity does not bar superior court review of zoning cases because before sovereign immunity was enshrined in the Georgia Constitution, common law permitted superior courts to review zoning ordinances under substantive due process inquiries.

In *Dawson County Bd. of Commrs. v. Dawson Forest Holdings, LLC*, 357 Ga. App. 451, 454-456 (2) (850 SE2d 870) (2020), the Court of Appeals considered and rejected the argument that the doctrine of sovereign immunity does not apply to zoning cases. As we discussed in *Dawson*, in *Lathrop v. Deal,* 301 Ga. 408, 444 (IV) (801 SE2d 867) (2017), the Supreme Court of Georgia held that

> [t]he constitutional doctrine of sovereign immunity bars any suit against the State to which it has not given its consent, including suits against state departments, agencies, and officers in their official capacities, and including suits for injunctive and declaratory relief from the

12

enforcement of allegedly unconstitutional laws. If the consent of the State is to be found, it must be found in the constitution itself or the statutory law.

In their complaint, Appellants assert claims against the County seeking injunctive and declaratory relief from the enforcement of an allegedly unconstitutional ordinance. And, counties are entitled to sovereign immunity. See *Harry v. Glynn County*, 269 Ga. 503, 504 (1) (501 SE2d 196) (1998). Thus, these claims fall within the above-cited rule articulated in *Lathrop*. See 301 Ga. at 444 (IV). Although Appellants argue that sovereign immunity does not apply because the zoning power derives from constitutional provisions *similar to* those that permit the exercise of eminent domain, they do not cite any constitutional or statutory authority that expressly or impliedly waives sovereign immunity for all zoning cases. Consequently, Appellants have not established that sovereign immunity has been waived for their substantive due process claim. See *Mixon*, 312 Ga. at 550 (2) (a); *Dawson*, 357 Ga. App. at 454-456 (2).

3. Because of our conclusion in Division 1 that the superior court erred in holding that the Board's denial of Appellants' rezoning request could only be challenged by way of certiorari, we need not address Appellants' alternative

arguments that they filed a proper petition for writ of certiorari and sovereign immunity is inapplicable to certiorari proceedings.

*Judgment affirmed in part and reversed in part. Miller, P. J., and Pipkin, J., concur*.