**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 29, 2023**

# In the Court of Appeals of Georgia

A23A0055. HALL COUNTY v. COOK COMMUNITIES.

PHIPPS, Senior Appellate Judge.

This is one of many recent appeals concerning the proper method to challenge a local authority's rezoning decision in the superior court. In the present case, defendant Hall County appeals the superior court's order denying its motion to dismiss a developer's lawsuit challenging a rezoning decision. The County argues that the superior court erred by concluding that the rezoning decision was legislative in nature and did not require a writ of certiorari to proceed. For the reasons that follow, we affirm the court's decision.

"In ruling on a motion to dismiss, the trial court must accept as true all well-pleaded material allegations in the complaint and must resolve any doubts in favor of the plaintiff. Importantly, when a question of law is at issue, as here, we owe

no deference to the trial court's ruling and apply the plain legal error standard of review." *Riverdale Land Group v. Clayton County*, 354 Ga. App. 1, 2 (840 SE2d 132) (2020) (citations and punctuation omitted).

The relevant facts are undisputed. Plaintiff Cook Communities bought approximately 32.6 acres of land in Hall County, upon which Cook wishes to build approximately 200 attached townhomes. When purchased, the land was zoned AR-III (agricultural residential), and Cook sought to have the zoning map changed and the property rezoned PRD (planned residential development). Cook argued that denying its request would be "an unconstitutional restriction on the use of the property" and "abolish or damage [its] property rights" without adequate, fair, and just compensation in violation of the federal and state constitutions. In January 2022, the local planning commission voted to rezone the property, but imposed several conditions. Thereafter, the Hall County Board of Commissioners approved the rezoning with, according to Cook, "several new and amended conditions" that constituted "exactions requiring [Cook] to donate land for improvements off of the property or not directly addressing traffic issues caused by the proposed redevelopment of the property[,]" such as installing turn lanes and imposing a unit per acre density far less than other surrounding developments.

2

Cook filed a lawsuit in the superior court against the County and its Commissioners, in their individual capacities, seeking declaratory, injunctive, and mandamus relief. Specifically, Cook alleged that the rezoning conditions imposed an unconstitutional taking of its property, and it asked the court to declare the zoning ordinance — as applied to it — void, declare the property free of zoning restrictions, and award damages for the unconstitutional taking of its property. The County answered and moved to dismiss Cook's complaint, arguing, inter alia, that the rezoning decision was judicial or quasi-judicial in nature and that Cook therefore was required to file an application for a writ of certiorari rather than a direct action in superior court to challenge that decision. Cook countered that it was not required to file a certiorari petition because the decision on its request for rezoning was a legislative one. The superior court ultimately concluded that the local zoning authority's decision on Cook's request to rezone the property was legislative, rather than quasi-judicial, and the court denied the County's motion to dismiss Cook's direct action on that ground.[1] The County filed an application for interlocutory review,

[1] The superior court granted the County's motion to dismiss Cook's claims for injunctive relief against the named commissioners and its claims against the commissioners in their individual capacities. Those rulings are not at issue in this appeal.

3

which we granted, *Hall County v. Cook Communities*, Case No. A22I0206 (July 1, 2022), and this appeal timely followed.

In its sole enumeration of error, the County asserts that the superior court erred in finding that Cook did not have to appeal the County's rezoning decision via a petition for a writ of certiorari to the superior court. According to the County, the decision to grant Cook's rezoning application with conditions[2] was a quasi-judicial decision subject to certiorari review. We disagree.

The determination of whether a local zoning authority acts in a legislative or quasi-judicial capacity is crucial to establishing the proper procedure for appeal and the appropriate standard of review. If the rezoning decision is classified as legislative, a party may file a direct action challenging the constitutionality of that decision in the superior court, which reviews the decision de novo and is not limited to examination of the evidence presented to the local zoning authority. *Stendahl v. Cobb County*, 284 Ga. 525, 526-527 (1) (668 SE2d 723) (2008). If, on the other hand, the rezoning decision is classified as quasi-judicial, a party may challenge it only by filing a

---

[2] Although the zoning authority granted Cook's rezoning application, the trial court treated the decision as a denial of the request, presumably because the decision imposed several conditions on the rezoning. We agree that in this case granting Cook's application for rezoning while imposing numerous conditions on that grant was tantamount to a denial of the rezoning request.

4

petition for a writ of certiorari to the superior court, which must accept the local zoning authority's factual findings if they are supported by any evidence and is bound by the evidence presented to the local zoning authority. *Forsyth County v. Mommies Properties*, 359 Ga. App. 175, 184 (2) (855 SE2d 126) (2021).

In resolving whether the local zoning authority acted in a legislative or quasi-judicial capacity, the Supreme Court of Georgia has distinguished two types of zoning decisions. See *Moon v. Cobb County*, 256 Ga. 539, 539 (350 SE2d 461) (1986); accord *Schroeder Holdings v. Gwinnett County*, 366 Ga. App. 353, 355-356 (1) (883 SE2d 37) (2023); *Riverdale Land Group*, 354 Ga. App. at 10 (2). The first type involves "a constitutional attack . . . against a zoning ordinance." *Moon*, 256 Ga. at 539. In such cases, the zoning authority "does not adjudicate the constitutionality of the ordinance" but "acts in its legislative capacity should it elect to amend the ordinance." Id. See also *Schroeder*, 366 Ga. App. at 355 (1); *Riverdale Land Group*, 354 Ga. App. at 10 (2). The second type of zoning decision involves a situation "where a special permit is sought under terms set out in the ordinance." *Moon*, 256 Ga. at 539 (citation and punctuation omitted). In such cases, the zoning authority "acts in a quasi-judicial capacity to determine the facts and apply the law." Id.

(citation and punctuation omitted). See also *Schroeder*, 366 Ga. App. at 355 (1);

*Riverdale Land Group*, 354 Ga. App. at 10 (2).

The present appeal involves a constitutional attack against conditions that the County attached to the approval of Cook's application to rezone, which essentially amounts to a denial of the request. This Court recently has addressed the proper method to challenge the constitutionality of a local authority's zoning decision in the superior court. In *Schroeder*, 366 Ga. App. at 353, one of the appellants requested that property be rezoned. The local zoning authority denied the application, and the appellants filed both a writ of certiorari and a direct action in superior court arguing that the zoning ordinance was unconstitutional and raising claims for regulatory taking, inverse condemnation, and substantive due process violations. Id. at 353-354, 359 (2) (b). The county moved for summary judgment on a number of grounds, arguing, among other things, that the zoning decision was quasi-judicial in nature and that the appellants' only remedy was review under a writ of certiorari, the requirements of which they had failed to comply with. Id. at 354. The superior court granted the county's motion, and this Court reversed that decision, concluding that the superior court erred in holding that the denial of the rezoning request was a quasi-

6

judicial decision that could be challenged only by way of a petition for a writ of certiorari. Id. at 354, 356 (1).[3]

Likewise, in *Pickens County v. Talking Rock Bluffs*, 367 Ga. App. 46, 46-47 (885 SE2d 24) (2023), Talking Rock requested that property be rezoned, asserting "that the current zoning scheme [was] unconstitutional as applied to the particular property at issue." The local zoning authority denied the request, and Talking Rock filed both a petition for a writ of certiorari and a direct action seeking a declaration that the zoning decision was unconstitutional and requesting equitable and injunctive relief. Id. at 47. The county filed a motion to dismiss the direct action, arguing that the only means to challenge the zoning decision was by filing a certiorari petition. Id. The superior court denied the motion, and this Court affirmed, concluding that Talking Rock "was not limited to review of the zoning authority's decision by writ of certiorari." Id. at 47, 49-50.

In both decisions, this Court noted that for decades it has been well settled in Georgia that "when considering a rezoning request challenging the constitutionality of a zoning ordinance as applied to a particular piece of property," "a zoning authority

---

[3] A petition for a writ of certiorari to the Supreme Court has been filed in *Schroeder*. *Gwinnett County v. Schroeder Holdings, LLC.*, Case No. S23C0548 (docketed Jan. 24, 2023).

7

acts in a legislative capacity . . . and, accordingly, the proper procedure to challenge the zoning authority's grant or denial of the rezoning request is to file suit in the superior court, which may then conduct a de novo review." *Talking Rock*, 367 Ga. App. at 47; accord *Schroeder*, 366 Ga. App. at 355-356 (1). However, in both cases we also recognized that the Supreme Court's decision in *Diversified Holdings v. City of Suwanee*, 302 Ga. 597 (807 SE2d 876) (2017), "arguably departed from this longstanding precedent." *Talking Rock*, 367 Ga. App. at 48; accord *Schroeder*, 366 Ga. App. at 356 (1) ("We recognize that there is a strong argument that, after *Diversified*, rezoning decisions must be treated as quasi-judicial acts which may be reviewed only by writ of certiorari.").

In *Diversified*, the property owner sought rezoning of its property, asserting that the applicable zoning regulation was unconstitutional as applied to its property. 302 Ga. at 598 (I). The zoning authority denied the request, and the owner filed a declaratory judgment action in the superior court alleging inverse condemnation. Id. at 598 (I), 605 (III). Following a bench trial, the superior court upheld the zoning authority's decision. Id. at 598-599 (I). The property owner then filed both a direct appeal and an application for discretionary appeal in the Supreme Court. Id. The Supreme Court concluded that when a party seeks to appeal a superior court's ruling

8

on an inverse condemnation claim based on a local board's zoning decision, it must file a discretionary application under OCGA § 5-6-35 (a) (1), rather than a direct appeal under OCGA § 5-6-34 (a) (1), because "a ruling on a rezoning application is adjudicative in nature." Id. at 603-605 (II).

Notwithstanding the fact that the Supreme Court's decision in *Diversified* potentially calls into question our longstanding rule that a zoning authority acts in a legislative capacity when considering a zoning request challenging the constitutionality of a zoning ordinance as applied to a particular piece of property — and its decision therefore is subject to de novo review by a superior court — both *Schroeder* and *Talking Rock* determined that *Diversified* did not control the outcome of those cases. In *Schroeder* we concluded that because *Diversified* did not specifically address "whether a party challenging the denial of a rezoning application must file its suit as a petition for certiorari to the superior court under OCGA § 5-4-1" and because "a decision of our Supreme Court is not precedent for a point it does not actually address and resolve," *Diversified* did not bar this Court's application of our longstanding law. 366 Ga. App. at 356 (2) (citation and punctuation omitted). Likewise, in *Talking Rock* we determined that *Diversified* did not control the outcome of that case because (i) the Supreme Court in *Diversified* never mentioned or

9

overruled our longstanding prior precedent, (ii) the issue in *Diversified* was the procedure for appealing a superior court's decision reviewing a local zoning authority's determination, not the proper procedure for seeking review of the local zoning authority's determination in the superior court, and (iii) the *Diversified* Court noted that Diversified "filed a complaint" in the superior court, as opposed to a certiorari petition, and that the superior court conducted a "bench trial" and "made" certain "findings." 367 Ga. App. at 48-49. See also *Diversified*, 302 Ga. at 598 (I).

Applying the reasoning of both *Schroeder* and *Talking Rock* to the facts in this case, we conclude "that this case is also controlled by existing precedent, and that under well-established law, the trial court did not err by denying the County's motion to dismiss [Cook's] complaint . . . since [Cook] was not limited to review of the zoning authority's decision by writ of certiorari."[4] *Talking Rock*, 367 Ga. App. at 49-50. The County's reliance on *Riverdale Land Group* for factors a court should weigh to assess whether an action is quasi-judicial in nature is misplaced, as we specifically

---

[4] We note, as we did in *Talking Rock*, 367 Ga. App. at 49, n. 4, and *Schroeder*, 366 Ga. App. at 356 (1), n. 1, that the legislative amendment to OCGA § 36-66-3 and the enactment of OCGA § 36-66-5.1 apply to zoning and quasi-judicial decisions occurring on or after July 1, 2022. See Ga. L. 2022, pp. 826-827, 831, 834, §§ 1, 2. Cook's rezoning application was decided in January 2022, and the new statutory provisions therefore do not apply here.

noted in that decision that the case involved a special permit sought under terms set out in the ordinance — the second type of zoning case, where a local zoning authority acts in a quasi-judicial capacity — rather than a constitutional attack against a zoning ordinance — the first type of zoning case, which is at issue here. 354 Ga. App. at 10 (2). See also *Moon*, 256 Ga. at 539-534.

*Judgment affirmed. Doyle, P. J., concurs and Gobeil, J., dissents.*

A23A0055. HALL COUNTY v. COOK COMMUNITIES.

GOBEIL, Judge, dissenting.

While the majority's approach is reasonable given the current state of the law, ultimately I am unpersuaded. Accordingly, I would reverse the trial court and find that the rezoning decision (as specifically presented in this case) is quasi-judicial in nature and hence hold that Cook was required to file an application or writ of certiorari.

Admittedly, the answer to the question presented is not abundantly clear. Appellate jurisprudence on the delineation between legislative and quasi judicial acts, at best, is in tension. And, I encourage the Supreme Court of Georgia to consider granting certiorari in *Schroeder Holdings, LLC v. Gwinnett County*, 366 Ga. App. 353, 353 (883 SE2d 37) (2023), to provide clarity on this question. In the interim, we look to what the Supreme Court of Georgia has indicated is the distinction between quasi judicial acts on one hand, and administrative determinations of a legislative nature on the other, a determination which it acknowledges "is often a matter of

2

extreme difficulty." *Housing Auth. of City of Augusta v. Gould*, 305 Ga. 545, 551 (2) (826 SE2d 107) (2019) (citation and punctuation omitted). There are three essential characteristics of a quasi-judicial act:

> First, a quasi-judicial act is one as to which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure. Second, a quasi-judicial act is one that requires a decisional process that is judicial in nature, involving an ascertainment of the relevant facts from evidence presented and an application of preexisting legal standards to those facts. Third, a quasi-judicial decision reviewable by writ of certiorari is one that is final, binding, and conclusive of the rights of the interested parties.

Id. at 551 (2) (citations omitted). In contrast, "[a]dministrative determinations of a legislative nature are prospective in application, general in application, and often marked by a general factual inquiry that is not specific to the unique character, activities or circumstances of any particular person." *City of Cumming v. Flowers*, 300 Ga. 820, 825 (3) (797 SE2d 846) (2017) (punctuation omitted).

Considering appellate jurisprudence, much of which the Majority highlights, the rezoning decision in this case does not neatly fit into either the quasi-judicial or legislative box. It involves elements of each. For instance, Cook's request to rezone

3

the property involved a constitutional attack on a zoning classification, which we typically have found to involve a legislative act by a local zoning authority. See, e.g. *Pickens County v. Talking Rock Bluffs*, 367 Ga. App. 46, 46-47 (885 SE2d 24) (2023). Indeed, a typical denial of a rezoning request could very well be based on general applications of zoning ordinances without regard to the specific nature of an applicant's property, which aligns with the Supreme Court's description of a legislative decision. *Flowers*, 300 Ga. at 825 (3).[1]

However, other aspects fit the three essential characteristics of a quasi-judicial act as set forth in Gould. *Gould*, 305 Ga. at 551 (2). For instance, as outlined in Hall County Code of Ordinances §§ 17.380.070-17.380.130,[2] Cook had a right to notice and a hearing and received the same. Second, and consistent with the requirements

---

[1] Unfortunately, many of our cases applying this rule do not provide us with detailed facts concerning the rezoning request, the zoning authority's decision-making process, or the contents of the ultimate decision. See *Schroeder*, 366 Ga. App. at 353 (currently pending cert request); *Pickens County*, 367 Ga. App. at 47. Without the benefit of case-specific facts, including the specific zoning ordinances involved, I must assume that the rezoning requests in those cases involved less detailed and particularized inquiries and decision-making by the local zoning authorities than we are presented with in Cook Communities's appeal.

[2] More specifically, these ordinances require a public hearing on any action taken on a zoning application, with specific notice and instructions for how the hearing shall take place. See, e.g., Hall County Ordinance § 17.380.130 (E) (providing detailed requirements for how a public zoning hearing shall be conducted).

4

of other Hall County Ordinances,[3] the decisional process was a particularized one involving the ascertainment of the relevant facts from evidence presented and an application of preexisting legal standards to those facts. Third, there is the final and binding nature of the decision that does not appear to be in dispute in this case.

Also significant, the specific facts and process here align with what *Flowers* says an administrative or legislative decision generally is <u>not</u> (and hence implicitly what is indicative of a quasi judicial decision). Here, the inquiry indeed was focused on the "unique character, activities or circumstances" of the particular parcel and the particular applicant[4] and hence seems more akin to the granting of a zoning variance,

---

[3] Hall County applicants for rezoning must submit to the planning department a site plan and a "narrative statement identifying the existing and proposed use of the property and addressing each of the criteria set forth in [Hall County Code of Ordinances] section 17.380.060 (C)[.]" Hall County Code of Ordinances §§ 17.380.010; 17.380.050. The criteria set forth in section 17.380.060 (C) include 17 different questions concerning the property being considered for rezoning and the effect rezoning will have on the properties adjacent and nearby. In reaching its decision, the planning commission is required to "study the need and justification for the change based on a determination of the facts applicable to the particular case[.]" Hall County Code of Ordinances § 17.380.060 (C).

[4] For example, Cook Communities's own rezoning request included much more information than simply alleging that the current zoning scheme was unconstitutional. As required by Hall County Ordinance § 17.380.050, the request included a detailed description of the planned development, a site plan, mention of the needs of the Hall County community with regard to pricing for the planned homes, and a traffic impact study for the planned community. In fact, Cook Communities simultaneously

5

a quasi judicial act, than the zoning authority's electing not to amend an allegedly unconstitutional ordinance. *Flowers*, 300 Ga. at 825 (3) (citation and punctuation omitted). Additionally, the zoning decision imposed conditions beyond the use or zoning of the parcel at issue, such as requiring Cook to donate land for improvement to nearby roads. (Such conditions appear to be specific to the applicant and parcel and not generally applicable to every parcel zoned for the same use.)

There is a significant difference between adopting a zoning code and applying it to an application to rezone a particular parcel. The former act is clearly legislative, but the latter is not so clearly so. While our jurisprudence demonstrates that decisions on rezoning applications may be deemed legislative in nature, that does not mean that they can never be quasi-judicial, which a strict application of the cases supporting the Majority seems to require. The facts matter.[5] Additionally, given the Supreme Court's

___

requested waivers/variances from the typical PRD zoning requirements that they were seeking to have the property reclassified to. The County Public Works and Utilities Engineering Division considered Cook Communities's application and made recommendations for specific conditions on the planning commission's decision. In making its case to the Board of Commissioners, Cook Communities referenced the specific character of the surrounding properties and argued that their amended development plan, as tailored to the planning commission's concerns, would benefit the community.

[5]And, the facts matter in determining the function (legislative, executive, or adjudicative) of the decisionmaker, as the Supreme Court has indicated in the context

stated reasoning in finding an appeal from a superior court's decision on a local board's zoning decision to be "adjudicative in nature" and "involv[ing] an individualized determination based on the character and circumstances of that particular parcel of land" requiring a discretionary application in *Diversified Holdings, LLP v. City of Suwanee*, 302 Ga. 597, 603 (II) (807 SE2d 876) (2017), I believe this is an area of inquiry worthy of further consideration and clarification. Ultimately, relying on the reasoning of *Gould* and *Flowers*, and on the specific facts of this case (including the particularized and conditional nature of the decisional process), I find the decision to be more akin to a quasi-judicial act. Accordingly, I respectfully dissent and I would reverse the trial court's order.

---

of determining the appropriate appeal procedure under OCGA Sec. 5-6-35(a). *Diversified Holdings, LLP v. City of Suwanee*, 302 Ga. 597, 603 (II) (807 SE2d 876) (2017).